**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Jayson Swigart

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYSON SWIGART, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> PARCEL PENDING, INC., <br><br> Defendant. | Case No.: **'18CV2238 BEN WVG** <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO CALIFORNIA'S INVASION OF PRIVACY ACT, CAL. PENAL CODE § 632.7** <br><br> **JURY TRIAL DEMANDED** |

---

Case No.: *Swigart, et al. v. Parcel Pending, Inc.*
**CLASS ACTION COMPLAINT**

# INTRODUCTION

1. The California State Legislature passed the California Invasion of Privacy Act ("CIPA") in 1967 to protect the right of privacy of the people of California, replacing prior laws which permitted the recording of telephone conversations with the consent of one party to the conversation. California Penal Code § 632.7 was added to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. Section 632.7 prohibits intentionally recording all communications involving cellular and cordless telephones, not just confidential communications.

2. JAYSON SWIGART ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant PARCEL PENDING, INC. and its related entities, subsidiaries and agents ("Defendant") in willfully employing and/or causing to be employed certain recording equipment in order to record the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff in violation of California Penal Code § 632.7 thereby invading Plaintiff's privacy.

3. Plaintiff alleges as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by Plaintiff's attorneys.

4. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the same conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone.

5. Unlike California Penal Code § 632, there is no requirement under California Penal Code § 632.7 that the communication be confidential.

6. Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a national class, which will result in at least one class member belonging to a different state than that of Defendant, a company operating from the State of Delaware.

8. Plaintiff also seeks the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a), which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.

9. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California.

///
///
///
///

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation headquartered in the State of Delaware.

13. Defendant has a policy and practice of recording telephone conversations with the public, including California residents.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant's employees and agents are directed, trained and instructed to, and do, record cellular telephone conversations with the public, including California residents.

## FACTUAL ALLEGATIONS

15. Defendant is, and at all times mentioned herein was, a corporation doing business with California consumers.

16. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this Complaint, Defendant's agents or employees in doing the things alleged in this Complaint, were acting within the course and scope of that agency and employment.

17. At all times relevant, Plaintiff is an individual residing within the State of California.

18. In July 2018, Plaintiff had multiple telephonic communications with Defendant.

19. On July 27, 2018, Defendant initiated a telephonic communication to Plaintiff's cellular telephone.

20. Plaintiff answered said telephonic communication and engaged in a conversation with Defendant's representative regarding Plaintiff's personal property.

21. Plaintiff and Defendant's representative spoke for several minutes.

22. During the course of this conversation, at no time did Defendant inform Plaintiff that the call was being recorded.

23. Said conversation, at its very core, is private.

24. Defendant, acting as a debt collection agency, is in the practice of having conversations which are highly personal and involve private property.

25. Plaintiff had no reasonable expectation that any of Plaintiff's cellular telephone conversations with Defendant would be recorded.

26. At the end of this telephonic communication, Defendant informed Plaintiff for the first time that all communications with Defendant are recorded.

27. Had Plaintiff known that the conversations were recorded, Plaintiff would have conducted himself differently.

28. Plaintiff was shocked to discover that such a confidential communication was being recorded by Defendant without Plaintiff's knowledge or consent.

29. Plaintiff found Defendant's clandestine recording to be highly offensive due to the delicacy of the topics discussed during said conversations.

30. Had Plaintiff received a recording disclosure at the outset of the call, as Plaintiff is accustomed to hearing, Plaintiff would have not discussed such private information with Defendant.

31. The conversation with Plaintiff, was without Plaintiff's knowledge or consent, recorded by Defendant, causing harm and damage to Plaintiff.

32. At no time during the call did Plaintiff give consent for the cellular telephone call to be monitored, recorded and/or eavesdropped upon.

33. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of recording telephone conversations with consumers.

34. Plaintiff is further informed and believes, and thereon alleges that Defendant's employees and agents are directed, trained and instructed to, and do, record cellular telephone conversations with the public, including Plaintiff and other California residents.

35. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had all of its calls to the public, including those made to California residents, recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

36. California Penal Code § 632.7(a) is very clear in its prohibition against such unauthorized tape recording without the consent of the other party to the conversation: "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [violates this section]."

37. As such, California Penal Code § 637.2 permits Plaintiff to bring this action for any violation of California Penal Code § 632.7(a) and provides for statutory damages of $5,000.00 for each violation.

38. This suit seeks only damages and injunctive relief for recovery of economic injury and it expressly is not intended to request any recovery for personal injury and claims related thereto.

39. Plaintiff is informed and believes, and thereon alleges, that Defendant intentionally recorded a communication transmitted between a cellular radio telephone and a landline telephone without Plaintiff's consent as prohibited by California Penal Code § 632.7(a).

40. Defendant violated Plaintiff's constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the recorded conversation with Plaintiff that the calls would be recorded and Defendant did not try to obtain the Plaintiff's consent before such recording.

41. The recording or other unauthorized connection was done over the telephone, without Plaintiff's prior knowledge or consent. Plaintiff was damaged thereby, as detailed herein, in at least an amount permitted by the statutory damages mandated by California Penal Code § 637.2(a).

42. Defendant, and its employees and agents, surreptitiously recorded calls made by Defendant to Plaintiff. At no time before the calls was Plaintiff warned, told, advised or otherwise given any indication by Defendant, its employees or agents, that the calls would be recorded.

43. As a result thereof, Plaintiff has been damaged as set forth in the Prayer for Relief herein.

44. Plaintiff seeks statutory damages and injunctive relief under California Penal Code § 637.2.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("The Class").

46. Plaintiff represents, and is a member of, "The Class" defined as follows:

    All persons in California whose inbound and/or outbound cellular telephone conversations were recorded without their consent by Defendant within one year prior to the filing of the original Complaint in this action.

47. Defendant, and its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believe this number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

48. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

49. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records.

50. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

   a. Whether Defendant has a policy of recording incoming and/or outgoing calls made to cellular telephones;

   b. Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing cellular telephone conversations were being recorded;

   c. Whether Defendant's policy of recording incoming and/or outgoing calls constituted a violation of California Penal Code §§ 632.7 and/or 637;

   d. Whether Defendant's policy of recording incoming and/or outgoing calls constitutes an invasion of privacy;

   e. Whether Plaintiff and The Class were damaged thereby, and the extent of damages for such violations; and

   f. Whether Defendants should be enjoined from engaging in such conduct in the future.

///
///

51. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

52. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest antagonistic to any member of The Class. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

53. Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

54. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of The Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

55. Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

///

# FIRST CAUSE OF ACTION

## INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632.

58. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." (Citations omitted).

59. Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

60. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication . . . intentionally records, or assists in the . . . intentional recordation of, a communication transmitted between . . . a cellular radio telephone and a landline telephone."

61. As such, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

62. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7

63. Plaintiff is informed and believes, and thereupon alleges, that Defendant employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

64. Plaintiff is informed and believes, and thereupon alleges, that all these devices were maintained and utilized to record each and every incoming and outgoing telephone conversation over said telephone lines.

65. Said recording equipment was used to record the cellular telephone conversations of Plaintiff and the members of The Class, all in violation of California Penal Code § 632.7.

66. At no time during which these cellular telephone conversations were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiff or any other member of The Class recording of their cellular telephone conversations were taking place and at no time did Plaintiff or any other member of The Class consent to this activity.

67. Defendant, knowing that this conduct was unlawful and a violation of Plaintiff and the members of The Class' right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiff and the members of The Class' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned intercepting, eavesdropping, listening, and recording activities relative to the telephone conversations between Plaintiff and The Class members, on the one hand, and Defendant on the other hand, as alleged herein above.

68. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

69. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

- That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
- For $5,000 per violation of California Penal Code § 632.7 for Plaintiff and each member of The Class;
- Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;
- That the Court preliminarily and permanently enjoin Defendant from recording, each and every oncoming and outgoing cellular telephone conversation with California residents, including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class;
- For costs of suit;
- For prejudgment interest at the legal rate; and
- For such further relief as this Court deems necessary, just, and proper.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 26, 2018                     Respectfully submitted,

                                         **KAZEROUNI LAW GROUP, APC**

                                    By:   /s/ Matthew M. Loker
                                                MATTHEW M. LOKER, ESQ.
                                                ATTORNEY FOR PLAINTIFF