**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Jayson Swigart

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAYSON SWIGART, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | **Case No.:** 18-cv-2238 BEN (WVG) |
| Plaintiff, | **PLAINTIFF JAYSON SWIGART'S MOTION FOR PRELIMINARY OF APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | **DATE:** May 28, 2019 |
| **PARCEL PENDING, INC.,** | **TIME:** 10:30 a.m. |
| Defendant. | **COURTROOM:** 5A |
| | **HONORABLE ROGER T. BENITEZ** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................... 1

II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................. 2

III.   THE SETTLEMENT .......................................................... 3

    A.   THE SETTLEMENT CLASS .......................................... 3

    B.   SETTLEMENT RELIEF ............................................... 3

    C.   CLASS NOTICE ...................................................... 4

        1.  Direct E-Mail Notice .......................................... 4

        2.  CAFA Notice ................................................... 5

    D.   SETTLEMENT CLAIMS PROCESS ................................... 5

    E.   OPPORTUNITY TO OPT OUT AND OBJECT ........................ 5

    F.   SCOPE OF RELEASE ................................................ 6

    G.   PAYMENT OF NOTICE AND ADMINISTRATIVE COSTS ............ 6

    H.   CLASS REPRESENTATIVE'S APPLICATION FOR SERVICE AWARD ........... 6

    I.   CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES AND COSTS .. 6

IV.    THE COURT SHOULD CERTIFY THE PROPOSED SETTLEMENT CLASS FOR
       PURPOSES OF IMPLEMENTING THE SETTLEMENT ............................. 7

    A.   NUMEROSITY ....................................................... 7

    B.   COMMONALITY ..................................................... 7

    C.   TYPICALITY ........................................................ 8

    D.   ADEQUACY OF REPRESENTATION .................................. 9

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

E.   COMMON QUESTIONS SUFFICIENTLY PREDOMINATE ........................... 10

F.   SUPERIORITY OF CLASS ACTION ......................................................... 11

G.   STANDARD FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT ...................................................................................... 12

   1.   Public policy favors settlement ........................................................ 12

   2.   Conclusions of fact and law are not necessary at this stage .............. 13

   3.   Counsels' judgment should hold considerable weight ...................... 13

   4.   The Court should preliminarily approve the Settlement ................... 14

      i.   *The Agreement is entitled to a presumption of fairness* ...... 14

      ii.   *The Settlement should be preliminarily approved, as it is within the range of reasonableness based on the relevant factors* ................................................................................ 14

      iii.   *The strength of Swigart's claims* ........................................ 15

      iv.   *The risk, expense, complexity, and likely duration of further litigation, including the risks of obtaining and maintaining class action status* .............................................................. 16

      v.   *The benefits conferred by Settlement* ................................. 17

      vi.   *The extent of discovery completed and state of the proceedings* ......................................................................... 18

      vii.   *The experience and views of Counsel* ................................. 19

      viii.   *The anticipated reaction of Class Members to the proposed Settlement* ......................................................................... 20

      ix.   *The proposed notice is appropriate* .................................... 20

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

x. *Class Representatives and Class Counsel should be appointed as requested* ....................................................... 21

xi. *First Class should be appointed as Settlement Administrator herein* ........................................................ 22

xii. *The Final Approval hearing should be scheduled* .............. 22

V.  <u>CONCLUSION</u> ........................................................................... 22

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

# TABLE OF AUTHORITIES

**CASES**                                                                        **PAGE(S)**

*Abat v. Chase Bank USA, N.A.,*
2010 WL 1146535 (C.D. Cal. 2010)..........................................................7

*Abels v. JBC Legal Group, P.C.,*
227 F.R.D. 541 (N.D. Cal. 2005)..........................................................14

*Amchem Prods. Inc. v. Windor,*
521 U.S. 591 (1997).................................................................10, 15, 18

*Arata v. Nu Skin Int'l,*
96 F.3d 1265 (9th Cir. 1996) ...............................................................5

*Ballard v. Equifax Check Svcs.,*
186 F.R.D. 589, 600 (E.D. Cal. 1999) ...............................................4, 16

*Berther v. TSYS Total Debt Mgmt., Inc.,*
2007 WL 1795472 (E.D. Wis. 2007)....................................................17

*Blackie v. Barrack,*
524 F.2d 891 (1975)......................................................................11, 12

*Bonnett v. Education Debt Services, Inc.,*
2003 WL 21658267 (E.D. Pa. 2003) ...................................................17

*Burkhammer v. Allied Interstate, LLC,*
2017 Cal. Super. LEXIS 109 (SLO Superior Court May 19, 2017)...........17

*Calderon, et al. v. The Wolf Law Firm,*
2017 U.S. Dist. LEXIS 7125 (C.D. Cal. Jan. 18, 2017) .............................2

*Carrizosa v. Stassinos,*
186 669 F. Supp. 2d 1081 (N.D. Cal. 2008) ...........................................14

*Carson v. American Brands, Inc.,*
450 U.S. 79 (1981).............................................................................5

*Celano v. Marriott Int'l, Inc.,*
242 F.R.D. 544 (N.D. Cal. 2007)..........................................................11

*City of Detroit v. Grinnell Corp.,*
495 F.2d 448 (2d Cir. 1974)..................................................................5

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

*Coleman v. Recontrust Co. N.A.*,
    2012 U.S. Dist. LEXIS 53928 (D. Utah 2012) .......................................... 11

*Consolidated Rail Corp. v. Town of Hyde Park*,
    47 F.3d 473 (2d Cir. 1995) ......................................................................... 11

*Cope v. Duggins*,
    203 F. Supp. 2d 650 (E.D. La. 2002) .......................................................... 17

*De La Fuente v. Stokely-Van Camp, Inc.*,
    713 F.3d 225 (7th Cir. 1983) ...................................................................... 13

*Ditty v. Check Rite, Ltd.*,
    182 F.R.D. 639 (D. Utah 1999) ................................................................... 13

*Ferree v. Marianos*,
    1997 U.S. App. LEXIS 30361 (10th Cir. 1997) ........................................... 2

*Gaalswijk-Knetze v. Receivables Mgmt. Servs. Corp.*,
    2008 WL 3850657 (M.D. Fla. 2008) ........................................................... 17

*General Tel. Co. v. Falcon*,
    457 U.S. 147 (1982) ............................................................................. 12, 14

*Graziano v. Harrison*,
    950 F.2dd 107 (3d Cir. 1991) ....................................................................... 2

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ...................................................................... 13

*Harris v. Palm Springs Alpine Estates, Inc.*,
    329 F.2d 909 (9th Cir. 1964) ...................................................................... 11

*Henderson v. Eaton*,
    2002 WL 3145728 (E.D. La. 2002) ............................................................ 11

*Horton v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*,
    855 F. Supp. 825 (E.D.N.C. 1994) ............................................................... 4

*Hunt v. Check Recovery Systems, Inc.*,
    241 F.R.D. 505 (N.D. Cal. 2007) ................................................................ 14

*In re Bromine Antitrust Litig.*,
    203 F.R.D. 403 (S.D. Ind. 2001) .............................................................. 4, 5

*In re Crocs, Inc. Secs. Litig.*,
    2013 U.S. Dist. LEXIS 122593 (D. Colo. 2013) ........................................... 4

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

*In re Drexek Burnham Lambert Group, Inc.*,
  960 F.2d 285 (2d Cir. 1992)................................................................ 18

*In re Joint Eastern and Southern District Asbestos Litig.*,
  982 F.2d 721 (2d Cir. 1992)................................................................ 19

*In re Mid-Atlantic Toyota Antitrust Litig.*,
  564 F. Supp. 1379 (D. Md. 1983).......................................................... 5

*In re NASDAQ Market-Makers Antitrust Litig.*,
  186176 F.R.D. 99 (S.D.N.Y. 1997)................................................... 5, 10

*In re Prudential Sec. Inc. Ltd. Partnerships Litig.*,
  163 F.R.D. 200 (S.D.N.Y. 1995)......................................................... 15

*In re Teletronics Pacing Sys., Inc.*,
  137 F. Supp. 2d 985 (S.D. Ohio 2001) ................................................. 5

*In re United Energy Corp. Solar Power Modules Tax Shelter Ivs. Sec. Litig.*,
  122 F.R.D. 251 (C.D. Cal. 1988)........................................................ 13

*Jacobson v. Persolve, LLC*,
  2015 U.S. Dist. LEXIS 73313 (N.D. Cal. 2015) ................................ 21

*Karvaly v. eBay, Inc.*,
  245 F.R.D. 71 (E.D.N.Y. 2007) ............................................................ 4

*Keele v. Wexler*,
  149 F.3d 589 (7th Cir. 1998) ......................................................... 4, 16

*Lerwill v. Inflight Motion Pictures, Inc.*,
  582 F.2d 507 (9th Cir. 1978) ............................................................. 14

*Lightbourn v. County of El Paso, Tex.*,
  118 F.3d 639 (D. Utah 1988)............................................................. 13

*Littledove v. JBC & Associates, Inc.*,
  2001 WL 42199 (E.D. Cal. 2001) ........................................................ 4

*Livingstone v. Toyota Motor Sales USA, Inc.*,
  1995 U.S. Dist. LEXIS 21757 (N.D. Cal. 1995) ................................. 5

*Mace v. Van Ru Credit Corp.*,
  109 F.3d 338 (7th Cir. 1997) ............................................................. 21

*Moreno-Peralta v. TRS Recovery Services, Inc.*,
  2017 Cal. Super. LEXIS 548 (SLO Superior Court Oct. 18, 2017) .......... 20

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

*Nelson v. Bennett,*
   662 F. Supp. 1325 (E.D. Cal. 1987)..................................................... 5

*Offices for Justice v. Civil Service Comm'n,*
   688 F.2d 615 (9th Cir. 1982) ...................................................... 5, 15

*Ortiz v. Fireboard Corp.,*
   527 U.S. 815 (1999).................................................................... 19

*Oslan v. Law Offices of Mitchell N. Kay,*
   232 F. Supp. 2d 436 (E.D. Pa. 2002) .......................................... 17

*Schwarm v. Craighead,*
   233 F.R.D. 655 (E.D. Cal. 2006) .............................................. 4, 21

*Schwartz v. Harp,*
   108 F.R.D. 279 (C.D. Cal. 1985) ................................................. 13

*Thomas v. Pierce, Hamilton, and Stern, Inc.,*
   967 F. Supp. 507 (N.D. Ga. 1997)................................................. 7

*United States v. Hardage,*
   982 F.2d 1491 (10th Cir. 1993) ..................................................... 4

*Utility Reform Project v. Bonneville Power Admin,*
   869 F.2d 437 (9th Cir. 1989) ...................................................... 15

*Williams v. Vukovich,*
   720 F.2d 909 (6th Cir. 1983) ........................................................ 5

*Wyatt v. Creditcare, Inc.,*
   2005 WL 2790684 (N.D. Cal. 2005) ...................................... 14, 16

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## I. **INTRODUCTION**

Plaintiff JAYSON SWIGART ("Swigart") submits this unopposed motion for preliminary approval of a proposed class action settlement of this matter (the "Action") against Defendant PARCEL PENDING, INC. ("Parcel Pending"). The terms of the proposed class action settlement are set forth in the Settlement Agreement and Release ("Agr."), attached as Exhibit 1 to the Declaration of Matthew M. Loker ("Loker Decl.").

As detailed below, there are approximately 2,609 persons in the Settlement Class, covering a period between February 1, 2018 through October 3, 2018, who received a telephonic communication from Parcel Pending without a call recording disclosure. [*See* Agr., ¶ 1]. Under the Agreement, Parcel Pending shall pay $400,000 into a non-reversionary Common Fund, which is made up of $300,000 in cash and $100,000 in non-cash consideration detailed below, to settle the Action and obtain a release of all Released Claims in favor of Released Parties. [Agr., ¶¶ 3-4]. The Common Fund will be used to send a settlement check to Authorized Claimants, after payment of notice and claims administration expenses, attorneys' fees and litigation costs, and any service award to Swigart ("Net Settlement Amount"). [Agr., ¶¶ 3-7].

While Swigart is confident of a favorable determination on the merits, Swigart and his counsel have determined that the proposed settlement provides significant benefits to the Settlement Class Members and is in the best interests of the Settlement Class. [Agr., ¶ G]. Swigart believes that the settlement is appropriate given the contested issues involved, the risks, uncertainty and costs of further prosecution of this litigation. [*Id.*]. Parcel Pending has denied the allegations by Swigart, and believe they have meritorious defenses to Swigart's claims. [Agr., ¶ F]. However, Parcel Pending agree that it is desirable to settle

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

the Action on the terms in the Agreement.

Accordingly, Swigart moves the Court for an order certifying the class action pursuant to Fed. R. Civ. P. 23(b)(3) for settlement purposes only; preliminarily approving the proposed settlement; appointing First Class, Inc. as the Settlement Administrator; directing dissemination of class notice; appointing Swigart as the Class Representative; approving Swigart's attorneys as Class Counsel; and scheduling a Final Approval Hearing.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Parcel Pending is a company that provides secured storage units for its customers offering various packages that they order whether it be at a school, residential, or commercial location. Parcel Pending engaged in both inbound and outbound telephonic communications with its customers; however, Parcel Pending failed to provide call recording disclosures on these outbound calls.

On July 27, 2018, Swigart received one such call on his cellular telephone; however, Swigart was not informed that the call was being recorded by Parcel Pending. Moreover, Swigart had no reason to believe that the call was being recorded and the very nature of the conversation was private. At the end of the conversation Swigart was informed for the first time that the current call along with all other telephonic communications with Defendant are recorded.

In response to Parcel Pending's recording practices, Swigart brought the present action, on behalf of himself and all others similarly situated in California, alleging violations of California Penal Code § 632.7 ("CIPA").

After litigating this case since 2018, conducting informal discovery, and exchanging relevant information, the Parties participated in a full day mediation before Bruce Friedman, Esq. of JAMS. Based upon the investigation and with the assistance of Mr. Friedman, the Parties have agreed to settle the claims in this

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

action on a California state-wide basis under the terms and conditions memorialized in the Agreement.

### III. <u>THE SETTLEMENT</u>

Swigart provides the following description of the proposed settlement's material terms, including: (A) the Settlement Class; (B) the relief offered as a result of the proposed Settlement; (C) the proposed notice plan; (D) the claims process; (E) scope of the release; (F) notice costs; (G) incentive award; and, (H) attorneys' fees and litigation costs.

#### A. THE SETTLEMENT CLASS

The Settlement Class is defined as:

> All Parcel Pending registered users who received one or fewer disclosures of Parcel Pending's recorded call policy between February 1, 2018 to October 3, 2018 prior to receiving an outbound customer service call.

[Agr. ¶ 1].

According to Parcel Pending, the Class consists of approximately 2,609 persons. [Agr., ¶ 1.2].

#### B. SETTLEMENT RELIEF

Parcel Pending has agreed to pay an all-in, non-reversionary fund worth $400,000.00, of which $300,000.00 is cash as full and complete consideration for the Settlement. There is also $100,000.00 in non-cash consideration for each class member which includes but is not limited to a 1) $20 registration voucher, 2) $9 late fee voucher, 3) and training costs incurred by Parcel to implement customer service training in compliance with CIPA. [Agr., ¶ 4]. The Common Fund shall also be used to pay: (i) settlement checks, (ii) a service award to Swigart, (iii) the Attorneys' fees and litigation costs, (iv) and, administrative costs. [*Id.* at ¶¶ 3-7]. The amounts remaining thereafter shall be used to pay valid claims submitted by the Class Members. [*Id.*].

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Settlement Class Members who submit a valid claim form shall receive a *pro rata* distribution.  [Agr., ¶ 4]. In the highly unlikely event that all 2,609 Settlement Class Members were to submit a claim, their estimated recovery would be approximately $110.53; and if 3% were to submit a claim, a more common claims rate, their estimated recovery would be approximately $3,650.25. Additionally, in response to the lawsuit, Parcel Pending will instruct and implement training procedures to its customer service representatives to inform consumers at the outset of their phone calls that they are recorded and provide various non-cash credits up to a value of $100,000.00.  [Agr., ¶ 4].

If any amounts remain in the Net Settlement Fund as a result of returned or uncashed checks, the Parties will first examine whether a second distrubtion is economically feasible.   [Agr., ¶ 13.2].   If not feasible, the Parties will seek approval of a *cy pres* recipient.  [*Id.*].

**C.    CLASS NOTICE**

Notice to the Settlement Class Members will be provided by direct e-mail notice. Subject to Court approval, the Parties propose that First Class, Inc. serve as the Claims Administrator.  [*Id.*, ¶ 7.2].   The Settlement Administrator's duties shall include but are not limited to: (i) setting up a toll-free number for receiving calls related to the Settlement, (ii) implementing Class Notice, (iii) distributing the settlement awards, (iv) maintaining proper records of the settlement administration, and (v) providing information to Counsel.  [*Id.*, ¶ 7].

**1.  Direct E-Mail Notice**

After the entry of the Court Order granting the Preliminary Approval on or before the date directed by the Court, Parcel Pending shall provide a list to the Settlement Administrator of all available e-mail addresses for individuals within the Settlement Class definition.  [*Id.*, ¶ 8].

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Within 30 days after entry of the Preliminary Approval Order, the Settlement Administrator shall e-mail the direct notice (in the form attached hereto as Exhibit 2) to the identified Class Members' last known e-mail addresses. [*Id*.].

In the event that a Class Notice is returned as undeliverable, the Settlement Administrator will conduct an investigation in an effort to ascertain an updated address. [*Id*].

### 2. CAFA Notice

Parcel Pending shall be responsible for timely serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715.

### D. SETTLEMENT CLAIMS PROCESS

To make a claim for monetary compensation, Settlement Class Members must submit a valid Claim. [*Id.*, ¶ 9]. To file a valid Claim, a Class Member must: (i) complete a Claim Form by providing all of the requisite information and (ii) mail the completed form to the Claim Administrator. [*Id*.].

### E. OPPORTUNITY TO OPT OUT AND OBJECT

Settlement Class Members will have the right to opt out of the Settlement or to object to its terms. [*Id.*, ¶ 10]. The deadline for doing both is 60 days after entry of the Preliminary Approval Order. [*Id*.]

Settlement Class Members who wish to opt out of the Settlement may do so by mailing a letter by U.S. mail, personally signed, and stating unequivocally that he/she wishes to be excluded from this class action settlement. [*Id*.]. Such request must be made in accordance with the terms in the Class Notice.

Further, any Settlement Class Member, who is not seeking to opt out, may object to the Settlement by mailing his or her objections to the Settlement Administrator. [*Id*., ¶ 10.2]. If the objection is overruled, the objecting Settlement Class Member will be bound by the Judgment. [*Id*.].

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

F.   SCOPE OF RELEASE

In exchange for the relief described above, all Settlement Class Members, other than those who exclude themselves from the Settlement, relinquish all class claims against the Released Parties and arising out of this action, or are related to the claims asserted in the Action, including any and all claims relating to the intercepting, monitoring and/or recording of telephone calls or other communications, and any and all claims for violation of the California Invasion of Privacy Act and any and all claims for statutory damages under Cal. Penal Code § 637.2. [*Id*., ¶ 14.1]. Class Members also waive the provisions of Section 1542 of the Cal. Civil Code.  [*Id*., ¶ 14.2]

H.   PAYMENT OF NOTICE AND ADMINISTRATIVE COSTS

The Agreement provides that all costs of the Notice Program and Claims Program, which are estimated to be $10,000 to be paid out of the Common Fund. [*Id*., ¶ 7]

I.   CLASS REPRESENTATIVES' APPLICATION FOR SERVICE AWARD

The Agreement contemplates that Class Counsel will request a service award not to exceed $2,500 for Swigart. [*Id*., ¶ 6]

J.   CLASS COUNSEL'S APPLICATION OF ATTORNEYS' FEES AND COSTS

The Agreement contemplates that Class Counsel shall be entitled to apply to the Court for an award of attorneys' fees and litigation costs to be paid from the Common Fund. [*Id*., ¶ 5].  Swigart's counsel will not request more than 25% of the Common Fund as attorneys' fees and costs combined.  [*Id*.].

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## IV. <u>THE COURT SHOULD CERTIFY THE PROPOSED SETTLEMENT CLASS FOR PURPOSES OF IMPLEMENTING THE SETTLEMENT</u>

"Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes." *In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008); *see, e.g., Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003). Like any other class certification decision, certification of a class for settlement purposes requires a determination that the requirements of Rule 23(a) and at least of the subsections of Rule 23(b) are met. *Id*. Fed. Judicial Ctr., Manual for Complex Litigation ("Manual"), § 21.633. The action here meets the requirements of Rule 23(a) and Rule 23(b)(3).

### A. NUMEROSITY

Class certification under Rule 23(a)(1) is appropriate where a class is so "numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23; *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. Cal. 1998). "Impracticability does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class.'" *Harris v. Palm Springs Alpine Estates, Inc*., 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted). Here, numerosity is satisfied. Based upon Parcel Pending's records, the Parties agree that there are approximately 2,609 Settlement Class Members. [Agr., ¶ 1.2]. Thus, the potential members of the Class are so numerous that joinder of all the members of the Class is impracticable.

### B. COMMONALITY

A class has sufficient commonality "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2); *see also Hanlon,* 150 F.3d at 1019. ("The existence of shared legal issues with divergent legal factual predicates is sufficient, as is a common core of salient facts coupled with disparate

legal remedies within the class."); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997). "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551 (2011). This means that the class members' claims "must depend on a common contention . . . of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* This requirement is also satisfied here.

There are questions of law and fact common to Swigart and to the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include: (i) whether Parcel Pending unlawfully audio-recorded incoming and/or outgoing to the putative class members on their cellular telephones; (ii) assigned to a California area code; and (iii) whether Parcel Pending failed to provide a call recording disclosure at the outset of the calls. Under these circumstances, the commonality requirement is satisfied for purposes of certifying a settlement class. *See Ades v. Omni Hotels Mgmt. Corp.*, No. 2:13-cv-02468, 2014 U.S. Dist. LEXIS 129689, *35 (C.D. Cal. Sep. 8, 2014) (finding commonality present and stating, "there is no indication that individual consent issues will overwhelm issues plaintiffs have shown to be resolvable through class-wide proof.").

C.   **TYPICALITY**

Courts consistently find that the typicality prerequisite is met if the claims arise from a common course of conduct, though "they need not be substantially identical." *Hanlon,* 150 F.3d at 1020; *see also Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014); *see also Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp.* 917 F2d 1171, 1175 (9th Cir. 1990) (citation omitted), *amended* 937 F.2d 465 (9th

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1 | Cir. 1991) (holding that typicality is shown where claims "share common issue of

2 | law or fact . . . and are 'sufficiently parallel to insure a vigorous and full

3 | presentation of all claims for relief.'").

4 | In this case, Swigart's claims are typical of the claims of the Settlement Class

5 | Members, as they arise from a nearly identical factual basis. Swigart, like members

6 | of the proposed Class, received a telephone call on his cellular telephone numbers

7 | from a representative of Parcel Pending. This telephonic communication was

8 | recorded without Parcel Pending providing any disclosure of the recording at the

9 | outset of the call or none at all.  Thus, Swigart is advancing the same claims and legal

10 | theories on behalf of himself and all absent Settlement Class Members. Swigart's

11 | claims are therefore typical of the claims of the Settlement Class. *See Ades*, 2014

12 | U.S. Dist. LEXIS 129689 at *26.

### D.   ADEQUACY OF REPRESENTATION

13 | Adequacy of representation is met when "the representative parties will

14 | fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In

15 | order to adequately protect the interest of the class the named plaintiffs and their

16 | counsel must: (1) not have any conflicts of interest with other class members and

17 | (2) prosecute the action vigorously on behalf of the class. *Id.*; *see also In re*

18 | *Wireless Facilities*, 253 F.R.D. at 611 (quoting *Staton v. Boeing Co.*, 327 F.3d 938,

19 | 958 (9th Cir. 2003)). Here, Swigart and counsel do not have any known conflicts of

20 | interest with other Settlement Class Members. [*See* Declarations of Counsel; and,

21 | Swigart filed concurrently herewith].

22 | Further, Swigart and his counsel have been vigorously litigating this matter

23 | since it was filed. Moreover, Class Counsel are experienced in prosecuting

24 | consumer actions, including consumer class actions. [*Id.*].  Swigart and his counsel

25 | will adequately represent the interest of the Settlement Class.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### E.    COMMON QUESTIONS SUFFICIENTLY PREDOMINATE

Class certification under Rule 23(b)(3) is appropriate where "questions of law or fact common to class members predominate over any questions affecting only individual members."   Fed. R. Civ. P. 23(b)(3).   The inquiry focuses on whether the class is "sufficiently cohesive to warrant adjudication by representation."   *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001).   Central to this question is "the notion that the adjudication of common issues will help achieve judicial economy."   *Zincser v. Accufix Research Institute, Inc.*, 253 F.3d 1188, 1189 (9th Cir. 2001) (citation omitted), amended, 273 F. 3d 1266 (9th Cir. 2001).

Here, the central inquiry is whether Parcel Pending advised consumers receiving outgoing calls of its call recording. "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022. *See Reyes v. Educ. Credit Mgmt. Corp.*, 322 F.R.D. 552, 560 (S.D. Cal. 2017) (Common questions: "whether ECMC's recording practice violated CIPA, whether ECMC's pre-recorded message was transmitted to potential class members, whether the message and/or other disclosures were sufficient to establish awareness of recording for all subsequent calls, and whether a caller's hold time can serve as a proxy for notice and consent—predominate in this case."). Therefore, the court should certify the class for settlement purposes because common questions predominate.

**PLAINTIFF JAYSON SWIGART'S MOTION FOR PRELIMINARY OF CLASS ACTION SETTLEMENT**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**F.     SUPERIORITY OF CLASS ACTION**

Resolution of the dispute under the class action mechanism of redress for settlement purposes makes sense because it is superior to all other available means for the fair and efficient adjudication of this controversy involving persons called in California. *See Culinary/Bartenders Trust Fund*, 244 F.3d at 1163 (find that "if a comparable evaluation of other procedures reveals no other realistic possibilities, [the] superiority portion of Rule 23(b)(3) has been satisfied."); *see also Valentino v. Carter-Wallace*, 97 F.3d 1227, 1235-36 (9th Cir. 1996) ("a class action is a superior method for managing litigation if no realistic alternative exists"). As explained in *Hanlon,* 150 F.3d at 1023, the Ninth Circuit held that superiority prong was met because "[f]rom either a judicial or litigant viewpoint, there is no advantage in individual members controlling the prosecution of separate actions." *Id.* In fact, pursuing individual settlements would provide "less litigation or settlement leverage, significantly reduce[] resources [providing] no greater prospect for recovery." *Id.*

In the present case, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts regarding the calling practices and conduct of Parcel Pending. Individualized litigation would also cause significant delay and expense to the parties and overwhelming waste of already limited judicial resources by the actions brought by thousands of individual consumers. Furthermore, the damages or other financial detriment suffered by individual Settlement Class Members may be relatively small compared to the burden and expense that would be entailed by individual litigation. Resolution of the dispute under the class action mechanism of redress here is superior to potentially thousands of individual actions for statutory damages where there is no provision of recovery of attorneys' fees in the statute.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court, resolving the claims against both named Parcel Pending, and providing vindication to the class members who were not aware of having claims against Parcel Pending for call recording without a call recording advisement. A class action here is therefore superior for settlement purposes.

## G.   STANDARD FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

A class action may not be dismissed, compromised or settled without the approval of the Court. Fed. R. Civ. Proc. 23(e). To preliminary approve a class action settlement, the Court must simply determine whether the class settlement is within the "range of reasonableness," and hence whether disseminating notice to the class and scheduling a formal fairness hearing are merited. *See* 4 Herbert B. Newberg, Newberg on Class Actions § 11.25 *et seq.*, and § 13.64 (4th ed. 2002 and Supp. 2004). The Court is not required to make an in-depth and final determination that a settlement is fair, reasonable, and adequate; instead, the "judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." Manual for Complex Litigation (Fourth) (Fed. Judicial Center 2004) ("Manual") § 21.632.

### 1.  Public Policy Favors Settlement

There is an overriding public interest in settling class action lawsuits, and a strong judicial policy favoring such settlements. *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) (citing *Van Bronkhorst v. Safeco Corp.* 529 F.2d 943, 950 (9th Cir. 1976)); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The law favors settlement, particularly in class actions and other

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

complex cases where substantial resources can be conserved by avoiding the time, expenses, and rigors of prolonged litigation. *Van Bronkhorst*, 529 F.2d at 950. Accordingly, courts should exercise their discretion to approve settlements "in recognition of the policy encouraging settlement of disputed claims."   *In re Prudential Sec. Inc. Ltd. Partnerships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995).

### 2.  <u>Conclusion of Fact and Law Are Not Necessary at This Stage</u>

At the preliminary approval stage, the Court need not reach any ultimate conclusions on the issues of fact and law, which underlie the merits of the dispute, *West Va. v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1086 (2d Cir. 1971), and need not engage in a trial on the merits, *Officers for Justice v. Civil Serv. Comm'n of the City and City of San Francisco,* 688 F.2d 615, 625 (9th Cir. 1982).  Preliminary approval is merely a prerequisite to giving notice so that "the proposed settlement ... may be submitted to members of the prospective class for their acceptance or rejection." *Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 372 (E.D. Pa. 1970).

### 3.  <u>Counsel's Judgment Should Hold Considerable Weight</u>

Although the decision to approve or reject a proposed settlement "is committed to the sound discretion of the trial judge" (*see Hanlon*, 150 F.3d at 1026), the opinion of experienced counsel supporting the settlement is entitled to hold considerable weight (*see*, *e.g.*, *Kirkorian v. Borelli*, 695 F. Supp. 446 (N.D. Cal. 1988) (opinion of experienced counsel carries significant weight in the court's determination of the reasonableness of the settlement); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs' counsel should be given a presumption of reasonableness). Swigart's counsel believe that the settlement is a fair compromise that avoid the risks of further litigation and trial, while providing a significant monetary recovery to the Settlement Class as well as

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

bringing about changed business practices of Parcel Pending.

### 4.   The Court Should Preliminarily Approve the Settlement

#### i.   *The Agreement is entitled to a presumption of fairness*

A presumption of fairness exists where: (1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small. Newberg & Conte, Newberg on Class Actions *supra*, § 11.41; *see also Dunk v. Ford Motor Co.* 48 Cal.App.4th 1794, 1802 (1996). The proposed settlement here satisfies the above three requirements, and the number of expected objections is small, if any.

This Settlement was reached after the parties (i) investigated and researched their respective claims and defenses, (ii) engaged through an extensive discovery process, (iii) exchanged relevant documents during discovery, which, among other things, determined the putative class and appropriate notice, (iv) participated in arm's length negotiations, in the form of a full-day mediation with one of the most respected and experienced mediators in California, Bruce Friedman, Esq., and, (v) continued discussions, including a confirmatory deposition of Parcel Pending, in an attempt to finalize the settlement, including determining the approximate class size and the appropriate notice. The Settlement of this Action is the result of non-collusive, arms-length and informed negotiations.

#### ii.   *The Settlement should be preliminarily approved, as it is within the range of reasonableness based on the relevant factors*

In making the fairness determination for final approval purposes (i.e., not preliminary approval, like here), courts consider a number of factors, including the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining a class action status throughout the trial;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; ... and the reaction of the class members to the proposed settlement. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (quoting *Hanlon*, 150 F.3d at 1026). However, "[n]ot all factors will apply … [and], [u]under certain circumstances, one factor alone may prove determinative in finding sufficient grounds for court approval." *Nat'l Rural Telcoms. Coop. v. Directv, Inc.*, 2003 U.S. Dist. LEXIS 25375, at *6 (C.D.Cal. Jan. 5, 2003); *see, e.g., Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1376 (9th Cir. 1993). While the Court need not and should not at this stage determine whether the proposed settlement is fair and adequate for purposes of final approval, there is ample evidence that it falls well "within the range" of fairness and adequacy for preliminary approval.

### iii. *The strength of Swigart's claims.*

Liability is highly contested.   After investigating Swigart's claims and discussing said claims with Parcel Pending, Swigart's counsel believe this is a strong case, which would prevail at trial but the outcome of the case is by no means certain absent a settlement.   It is the opinion of Swigart's counsel that the settlement of $400,000.00 is in part due to the strength of Swigart's claims.   On the other hand, Parcel Pending deny all of Swigart's allegations, and maintains that its policies and procedures were and are in compliance with all applicable laws.   Parcel Pending believe that they have meritorious defenses to all of the claims asserted in the Action., including a complaint recording warning on inbound calls.   This settlement avoids risks and continued expense to both sides in continuing the Action.

**iv.** ***The risk, expense, complexity, and likely duration of further litigation, including the risks of obtaining and maintaining class action status***

An important consideration is "the strength of the plaintiffs' case on the merits balanced against the amount offered in the settlement." *Nat' Rural Telecoms Corp. v. DirectTV, Inc.* 221 F.R.D. 523, 526 (C.D. Cal. 2004) (citation omitted). However, "a proposed settlement is not to be judged against a speculative measure of what might have been awarded in a judgment in favor of the class." *Id.; Officers for Justice,* 688 F.2d at 625 ("Neither the trial court nor [the appellate court] is to reach any ultimate conclusions on the contested issues of fact and law which underlie merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements."). Also considered "is the risk of continued litigation balanced against the certainty and immediacy of recovery from the settlement." *Vasquez v. Coast Valley Roofing, Inc.,* 266 F.R.D. 482, 489 (E.D. Cal. 2010).

Although the parties have been litigating this case for less than a year, costs can pick up very quickly in a case like this, so it is in the best interests of both parties to settle as quickly as possible to avoid any further costs. Prior to settlement, Parcel Pending intended to challenge Swigart's credibility and adequacy of serving as the Class Representative. In addition, Parcel Pending would likely file a dispositive motion on the issue of whether an inbound recording disclosure provides adequate warning that outbound calls would also be recorded. Swigart disagrees with each position and would oppose said Motions.

If litigation were to continue, Swigart would take the Rule 30(b)(6) deposition of Parcel to bring to light their calling practices and how many calls from California they received in the applicable period. Additionally, Parcel Pending would have likely argued against class certification on the basis that some of the persons called

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

may not have been in California at the time of the calls, even though they had a California area code, and would thus not have standing to bring a claim for violation of this California statute. A precise ascertainable number of class members would have been litigated extensively. But settlement avoid these risks to both sides.

Moreover, to fully prosecute this case through trial, the Parties would need to: (1) engage in contentious discovery; and, (2) undertake the arduous task of certifying or opposing a class action, which could significantly impact both Parties (i.e., the class may not be certified thereby eliminating any class relief, or the class may be certified thereby significantly increasing Parcel Pending's liability). Lastly, any decision on the merits is likely to be appealed, resulting in further delays, uncertainties, and great expense.

In considering the Settlement, Swigart, Class Counsel and Parcel Pending carefully balanced the risks of continuing to engage in protracted and contentious litigation against the benefits to the Class, including the significant settlement and payout laid out by the Agreement. The Agreement avoids these risks for both sides.

### v.  *The benefits conferred by Settlement*

The benefits conferred by the Settlement for the Class are substantial and clearly outweigh the potential benefits and risks of proceeding with the class action. They include both a monetary payment, non-monetary vouchers for certain fees, and the Action has resulted in changes in business practices. Courts have stated that the fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should be disapproved." *Linney v. Cellular Alaska* P'ship, 151 F.3d 1234, 1242 (9th Cir. 1998).

Here, each Settlement Class Members will receive a *pro rata* share of the Net Settlement Amount. In Swigart's counsel's experience in settling claims of this type, a claims rate above 10% is unlikely. *See Forcellati v. Hyland's Inc.*, No. 12-

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

cv-1983, 2014 U.S. Dist. LEXIS 50600, *17 (C.D. Cal. Apr. 9, 2014) ("[T]he prevailing rule of thumb with respect to consumer class actions is [a claims rate of] 3-5 percent."); *Mount* v. *Wells Fargo Bank, N.A.*, BC395959 (Cal. Super. Ct. Aug. 13, 2014) granting final approval of a CIPA class action settlement with a 4.2% claiming rate)

Assuming a 3% claims rate, the estimated payout here is $3,650.25 per claimant.  This is an excellent result considering the maximum amount available pursuant to CIPA is $5,000 with no separate recovery for attorneys' fees or costs. This is an excellent result for the Settlement Class Members, as (1) the value offered is a compromise of the maximum statutory damages each class member could receive in this matter, which would otherwise be highly contested and require vigorous litigation efforts, and (2) the value offered is substantially better when compared to other similarly approved settlements, some of which only offer a recovery varying from $1.58 to $64.47. [1] Thus, the Settlement provides for a significant monetary payment that is much higher than many other settlements under CIPA, without the risks and inherent delays of an adverse jury verdict, trial decision,

[1] *See Nader v. Capital One Bank, N.A.,* No 12-cv-01265 DSF, 2014 WL 1258442, Dkt. 145 (C.D. Cal. Nov. 17, 2014) ($3 million settlement for approximately 1,896,044 potential class members, or $1.58 per person)*; Cohorst v. BRE Properties, Inc.,* No. 10-cv-2666 JM, 2012 WL 153754, Docket Nos. 101, 109 (S.D. Cal. 2012) ($5.5 million settlement for approximately 1,170,584 potential class members, or $4.70 per person)*; Miller v. Hitachi Am.*, No. CIV 526430, 2014 Cal. Super. LEXIS 1686 (San Mateo Oct. 17, 2014) (granting preliminary approval of CIPA class action settlement with different settlement classes receiving $20 or $145 per class member); *McCabe v. Six Continents Hotels, Inc.*, No. 12-cv-04818, 2015 U.S. Dist. LEXIS 85084, *27-29 (N.D. Cal. June 30, 2015) (collecting cases approving CIPA settlements of $1-$7.50 per class member); *Mirkarimi v. Nev. Prop. 1, LLC*, No. 12-CV-2160, 2015 U.S. Dist. LEXIS 112680, *10-11 (S.D. Cal. Aug. 24, 2015) (granting preliminary approval of CIPA settlement with estimated *pro rata* award of $64.47).

or potential appeal.

### vi. *The extent of discovery completed and the state of the proceedings*

"A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair." *Natl' rural Telecoms Corp. v. DirectTV, Inc.* 221 F.R.D. 523, 528 (C.D. Cal. 2004) (citation omitted). "Absent evidence of fraud or collusion, courts also should accord 'great weight' to the recommendations of counsel." *Medeiros v. HSBC Card Servs.*, No. CV 15-09093 JVS (AFMx)) 2017 U.S. Dist. LEXIS 178484, at *16. (C.D. Cal. Oct. 23, 2017) (citing *Nat'l Rural Telecomms.,* 221 F.R.D. at 528).

The parties diligently litigated this action followed by an informal exchange of documents and information to facilitate a speedy resolution.   The Parties then decided to attend an arm's length negotiations in the form of a full-day mediation before Bruce Friedman. Although the Parties agreed to a resolution with the guidance of Bruce Friedman, Esq. of JAMS, the details of the Agreement were discussed and ultimately finalized over a period of several months. The Parties are fully aware of the risks and benefits of continued litigation.

### vii.      *The experience and views of Counsel*

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac Enters. Sec. Litig.,* 47 F.3d 373, 378 (9th Cir. 1995).

Here, Class Counsel are qualified and highly experienced in litigating complex consumer class actions. [*See* Declarations of Counsel filed concurrently herewith].   Given Class Counsel's extensive experience in litigating similar type cases, the Class Counsel are well positioned to assess the risks of continued litigation and benefits obtained by the settlement.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Class Counsel have also actively researched and litigated for several months prior to reaching settlement. Counsel for each side are fully aware of the potential benefits of settlement and substantial risks of proceeding with litigation and have determined settlement to be the in the best interest of the Class. *See Vasquez,* 266 F.R.D. at 490 ("Here, class counsel understood the complex risks and benefits of any settlement and concluded that the proposed Settlement was a just, fair, and certain result. This factor weighs in favor of approval.")

### viii. *The anticipated reaction of Class Members to the proposed Settlement*

Class Counsel are confident that the Settlement Class Members will be satisfied with the proposed Settlement. This benefit offered by the settlement is a substantial portion of the maximum award possible, but without the risks and delay of further litigation and trial.  Settlement Class Members need only submit a claim form by mail in order to receive the settlement payment.  Further, any dissenting Settlement Class Member will be permitted to object to the proposed settlement and be heard at the Final Approval Hearing before this Court.  Consequently, the Court will have an opportunity to judge the class members' reaction to the settlement before granting final approval.

### ix. *The proposed notice is appropriate*

Rule 23(c)(2)(B) provides that, in any case certified under Rule 23(b)(3), the court must direct to class members the "best notice practicable" under the circumstances.  Rule 23(c)(2)(B) does not require "actual notice" or that a notice be "actually received." *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994). Notice need only be given in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1  *Bank & Trust Co.*, 339 U.S. 306, 314 (1950).  "Adequate notice is critical to court

2  approval of a class settlement under Rule 23(e)."  *Hanlon*, 150 F.3d at 1025.

3      Pursuant to the Fed. R. Civ. P. 23(e)(1)(B), "[t]he court must direct notice in

4  a reasonable manner to all class members who would be bound by the proposal."

5  The notice must concisely and clearly state in plain, easily understood language: (i)

6  the nature of the action; (ii) the definition of the class; (iii) the class claims, issues,

7  or defenses; (iv) that class member may enter an appearance through counsel if the

8  member so desires; (v) that the court will exclude from the class any member who

9  requests exclusion, stating when and how members may elect to be excluded; (vi)

10  the time and manner for requesting exclusion; and (vii) the binding effect of a class

11  judgment on class members under Rule 23(c)(3).  Fed. R. Civ. P. 23(c)(2)(B).

12      Here, Notice will be provided directly through the e-mail; by establishing a

13  Settlement Website; by posting the settlement documents on Class Counsel's

14  website; and, by a toll-free number. The notice plan also provides the Settlement

15  Administrator will also investigate any returned e-mails.  Thus, the notice plan

16  fulfills the requirements of adequate notice for Due Process purposes and should

17  be preliminarily approved.

18      **x. *Class Representatives and Class Counsels should be appointed as requested***

19

20      The adequacy of representation requirement is satisfied here, and there are no

21  known conflicts of interest as noted above. For settlement purposes, Swigart

22  requests that he be confirmed as the Class Representatives. Similarly, Swigart

23  requests that Abbas Kazerounian; Matthew M. Loker; and, Elizabeth A. Wagner to

24  be appointed as Class Counsel.

25

26

27

28

**xi.** *First Class should be appointed as Settlement Administrator*

The Parties have agreed upon and propose that the Court appoint First Class, Inc. to serve as the Settlement Administrator. First Class, Inc. provides administrative services in class action litigation and has extensive experience in administering consumer protection and privacy settlements.

**xii.** *The Final Approval Hearing should be scheduled*

If preliminary approval is granted, Swigart will then file Swigart's Motion for Final Approval 90 days thereafter. Swigart requests this Court set a Final Approval hearing now so that Swigart can provide notice to potential class members of this hearing as soon as possible.

## V.   **CONCLUSION**

In sum, Swigart respectfully requests that the Court enter an order: i) preliminarily approving the proposed Settlement, ii) providing for notice to the Settlement class, iii) appointing First Class, Inc. as the settlement administrator, iv) appointing Swigart as the Class Representatives, v) appointing Abbas Kazerounian; Matthew M. Loker; and, Elizabeth A. Wagner as Class Counsel; and vi) setting a fairness hearing.


Dated: April 17, 2019                                    **KAZEROUNI LAW GROUP, APC**

                                                         By: _____/s/ Matthew M. Loker_____
                                                             MATTHEW M. LOKER, ESQ.
                                                             ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626