**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Jayson Swigart

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAYSON SWIGART, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**PARCEL PENDING, INC.,**<br><br>Defendant. | Case No.: 18-cv-2238 BEN (WVG)<br><br>**DECLARATION OF MATTHEW M. LOKER IN SUPPORT OF MOTION FOR PRELIMINARY OF APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**DATE:** May 28, 2019<br>**TIME:** 10:30 a.m.<br>**COURTROOM:** 5A<br><br>**HONORABLE ROGER T. BENITEZ** |

Case No.: 18-cv-2238 BEN (WVG)                    *Swigart, et al. v. Parcel Pending, Inc.*

**DECLARATION OF MATTHEW M. LOKER IN SUPPORT OF MOTION FOR PRELIMINARY OF CLASS ACTION SETTLEMENT**

# DECLARATION OF MATTHEW M. LOKER, ESQ.

I, MATTHEW M. LOKER declare:

1. I am one of the attorneys for the Plaintiff JAYSON SWIGART ("Swigart") in this action.

2. I submit this declaration in support of Swigart's Motion for Preliminary Approval of the Class Action Settlement in the action against Defendant PARCEL PENDING, INC. ("Parcel Pending").

3. I am licensed to practice law before all California Federal Courts; and, all California State Courts.

4. If called as a witness, I would competently testify to the matters herein from personal knowledge.

5. The Declaration is based upon my personal knowledge, except where expressly noted otherwise.

6. The Parties have engaged in thorough investigation followed by settlement discussions and negotiations regarding this Action.

7. Through this process and Parties' representations to each other, the Parties believe that they are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risk to each party of pursuing further litigation in this matter.

8. As part of the Settlement Agreement, Parcel Pending agreed to the following:

    a. The maximum sum of $2,500.00 to Swigart as an Incentive Payment for bringing and participating in this action.

    b. A non-reversionary Common Fund of $400,000.

    c. Of the $400,000, $100,000 is set aside for non-cash consideration in the form of vouchers and additional training for Parcel Pending regarding call recording.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

    d. The maximum sum of $100,000 as attorneys' fees and litigation costs incurred in litigating this action, in the manner specified in the Settlement Agreement.

    e. As stated in the Settlement Agreement and Release, the amount of attorneys' fees and costs received by Swigart's counsel is to be determined by this Court following a Motion by Swigart's counsel.

9. I contend that this class as defined satisfies the Preliminary Approval requirements of the Federal Rules.

## CLASS DEFINITION

10. The Settlement Class is defined as follows:
> All Parcel Pending registered users who received one or fewer disclosures of Parcel Pending's recorded call policy between February 1, 2018 to October 3, 2018 prior to receiving an outbound customer service call.

11. This matter should be certified as a Class action to assist in the expeditious litigation of this matter. However, Settlement will be terminable at the option of the Parties (a) in the event the Court refuses to approve the Agreement; (b) in the event the Court fails to enter the orders contemplated by the Settlement Agreement, or does so in a form substantially different from the forms contemplated by the Agreement; or (c) as otherwise provided in this Agreement. The

## ADEQUACY OF SETTLEMENT

12. In accordance with the Settlement Agreement, the relief provided to the class members by Parcel Pending is both monetary and nonmonetary.

13. The class members identified herein, as well as future consumers, will no longer be subject to violations of California's Invasion of Privacy Act.

14. Taking into account the burdens, uncertainty and risks inherent in this litigation, Swigart's counsel have concluded that further prosecution of this action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

15. Swigart and Swigart's counsel believe that the claims asserted in the Action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation including the risks in class certification, and any subsequent appeal, they believe that it is desirable that the Action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in the Settlement Agreement. We have concluded that with the Settlement Fund and with the deterrent effects of the Settlement the Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.

16. A settlement was finalized, agreed upon by all Parties and counsel and a formal Settlement Agreement was executed. This unopposed submission for Preliminary Approval followed.

17. The Class will provide a global release to the Released Parties as outlined in the Settlement Agreement.

## CLASS COUNSEL'S EXPERIENCE

18. Kazerouni Law Group, APC seeks to be confirmed as class counsel for purposes of this action and proceeding with the settlement.

19. I am an attorney admitted to practice in the State of California and I am a Partner at Kazerouni Law Group, APC ("KLG"), which has been retained to represent Plaintiff in the above-captioned matter.

20. I am over the age of 18 and am fully competent to make this declaration.
21. I was admitted to the State Bar of California in 2011 and have been a member in good standing ever since that time.
22. I have litigated cases in both state and federal courts in Arizona, California, Colorado, Florida, Michigan, Minnesota, Missouri, Nevada, New York, Ohio, South Carolina, Tennessee, Utah, and Washington.
23. I am also admitted in every federal district in California and have handled federal litigation in the federal districts of California; including being admitted to the 9th Circuit Court of Appeals.

## KAZEROUNI LAW GROUP, APC'S
### CONSUMER RELATED EXPERIENCE AND RESULTS

24. I have filed and litigated numerous consumer class actions over the last several years, including but not limited to the following, which I am or have been personally involved in:

    a. *Knell, et al. v. FIA Card Services, N.A.*, 13-CV-01653-AJB-WVG (S.D. Cal.) (California class action settlement under Penal Code 632 et seq., for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $2,750,000; finally approved in August 15, 2014);

    b. *Hoffman v. Bank of America Corporation*, 12-CV-00539-JAH-DHB (S.D. Cal.) (California class action settlement under Penal Code 632 et seq., for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $2,600,000; finally approved on November 6, 2014 and served as co-lead counsel);

    c. *Franklin v. Wells Fargo Bank, N.A.*, 14-cv-2349 MMA (BGS) (S.D. Cal.) (TCPA Class Action Settlement preliminarily approved on February 9, 2015 in the amount of $13,859,103.80);

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

d. *Couser v. Comenity Bank*, 12-cv-02484-MMA-BGS (S.D. Cal. Oc. 2, 2014) (Finally approved for $8,475,000 on May 27, 2015 as served as co-lead counsel);

e. *Zaw v. Nelnet, Inc.*, C 13-5788 RS (N.D. Cal.) (California class action settlement under Penal Code 632 et seq., for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $1,188,110.00; finally approved on November 14, 2014);

f. *Couser v. Apria Healthcare, Inc. et al.*, 13-cv-00035-JVS-RNB (C.D. Cal. Oct. 27, 2014) (Finally approved on March 9, 2015 and served as co-lead counsel);

g. *Macias v. Water & Power Community Credit Union*, BC515936 (Los Angeles Superior Court) (Class certification granted under the Rosenthal Fair Debt Collection Practices Act; class action settlement finally approved on April 21, 2016);

h. *Mount v. Wells Fargo Bank, N.A.*, BC395959 (Sup. Ct. Los Angeles) (finally approved for $5,600,000);

i. *Caldera v. Am. Med. Collection Agency*, 2017 U.S. Dist. LEXIS 99239 (C.D. Cal. June 27, 2017) (Order certifying nationwide TCPA class action);

j. *Reid v. I.C. System Incorporated*, CV-12-2661 PHX ROS, 2018 U.S. Dist. LEXIS 125663 (Arizona District Court) ($3,500,000.00 TCPA Class Settlement Finally Approved on July 27, 2018);

k. *Burkhammer v. Allied Interstate, LLC*, 2017 Cal. Super. LEXIS 109 (Sup. Ct. San Luis Obispo) (RFDCPA class action finally approved on October 30, 2017);

l. *Maxin v. RHG & Company, Inc.*, 2018 U.S. Dist. LEXIS 26795 (S.D. Cal. 2018) (Supplement Misrepresentation class action finally approved on February 16, 2018)

m. *Giffin v. Universal Protein Supplements Corp.*, 2018 Cal. Super. LEXIS 3, BC613414 (Sup. Ct. Los Angeles) (Supplement misrepresentation class action finally approved on February 7, 2018);

n. *McPolin v. Credit Service of Logan*, 2017 U.S. Dist. LEXIS 189236, 16-cv-116 BSJ (Utah District Court) (FDCPA class action with consumers to each receive $1,428.57, debt relief, and tradeline deletion finally approved on November 9, 2017);

o. *Hansen v. Tinder, Inc.*, 15CVP-0155, 2018 Cal. Super. LEXIS 2467 (Dating Services Contract Act class action finally approved on October 2, 2018);

p. *Calderon v. The Wolf Firm*, SACV16-1266 JLS (JESx), 2018 U.S. Dist. LEXIS 159435 (C.D. Cal. 2018) (FDCPA class action finally approved on September 18, 2018);

q. *Anderson v. Phoenix Financial Services, LLC, et al.*, BCV-16-101385, 2018 Cal. Super. LEXIS 1030 (Kern Sup. Court) (FDCPA class action finally approval on July 23, 2018);

r. *Moreno-Peralta v. TRS Recovery Services, Inc.*, 15CV-0481 (San Luis Obispo Superior Court (RFDCPA class action finally approved on July 19, 2018); and,

s. *Maur v. Transform SAC, LLC, et al.*, CV18-831 (Yolo County Superior Court) (Health Studios Services Act class action preliminarily approved on March 26, 2019).

25. Many of the cases listed above, which have settled, resulted in the creation of combined common funds and/or distribution to class member in the millions of dollars. The outstanding results mentioned above are a direct result of the diligence and tenacity shown by Kazerouni Law Group, APC and myself, in successfully prosecuting complex class actions.

### ADDITIONAL RELEVANT TRAINING, SPEAKING/TEACHING ENGAGEMENTS AND ASSOCIATIONS

26. I have undergone extensive training in the area of the consumer law, including a four-day National Association of Consumer Advocates training in Tampa Bay Florida; and, a three-day National Association of Consumer Advocates conference in Baltimore, Maryland.

27. I also a member in good standing of the following local and national associations:

    a. National Association of Consumer Advocates;
    b. Orange County Bar Association;
    c. San Luis Obispo Bar Association;
    d. California Attorneys Association of Los Angeles;
    e. Consumer Attorneys of California; and,
    f. Consumer Financial Services Committee with the State Bar of California.

28. I have been requested to, and have made, regular presentations to community organizations regarding debt collection laws.

29. In 2012, I gave a presentation to law students at California Western School of Law.

30. I also presented an ethics discussion before the Central Coast Paralegal Association in 2013.

31. I made presentations to pre-law majors at California Polytechnic State University in 2014 and 2016.

32. I also spoke to pre-law majors at the University of California, Irvine in 2014.
33. I have been invited to speak at Business Networking International meetings on multiple occasions.
34. I speak regularly at meetings for the San Luis Obispo County Drug & Alcohol Services regarding the benefits of obtaining strong credit.
35. I was interviewed and quoted in connection with the New Times Cover Story entitled *Junk Debt: How the Open Market for Delinquent Debts Leads to Lawsuits and Wage Garnishments*.
36. I am a Guest Lecturer for Legal Responsibilities of Business Course at California Polytechnic State University.
37. In 2017, I was the supervising attorney for the SLO Law Line which is facilitated by the San Luis Obispo College of Law.
38. I currently teach Contracts at the San Luis Obispo College of Law.
39. I presented a MCLE for the State Bar of California entitled "Introduction to California's Fair Debt Buying Practices Act."
40. I have also been interviewed on the radio on multiple occasions, including the Wall Street Business Network on December 16, 2014; and, Real Estate Radio on March 5, 2015.
41. I was invited by the American Bar Association to lead a webinar on "Hot Topics with the Telephone Consumer Protection Act" on February 18, 2015.
42. I was invited by the State Bar of California to lead a presentation entitled "Ethical Conundrums in Debt Collection."
43. I have been a Guest Lecturer for the AP English class at Morro Bay High School in 2015, 2016, 2017, and 2018.
44. I regularly speak at Home Buyer's Workshops in San Luis Obispo County along with agents from Century 21.

45. I was also interviewed in connection with KLAS-TV's story regarding the Kazerouni Law Group, APC's class action against Manny Pacquiao; and, Pacquiao's Promoters entitled *McDonald, et al. v. Pacquiao, et al.*, 15-cv-1006 JLS (BGS) (S.D. Cal.).

46. I was invited to and spoke at the 88th Annual California State Bar Association Meeting.  Said discussion was entitled "Debt Collection in the Age of Technology and the CFPB."

47. I was named as a Best Consumer Rights Lawyer for California in 2015 by M&A Awards.

48. I was named as a Lawyer of Distinction in 2017; 2018; and, 2019.

49. I was nominated as a Rising Star for 2017; 2018; and, 2019 by Super Lawyers.

50. I was the co-Chair of programming for the Consumer Financial Services Committee with the State Bar of California in 2016 and 2017.

51. I was selected to be a part of the eCourse Development Team for a debt defense course to be presented by the National Association of Consumer Attorneys.

52. I was also selected to be a part of the eCourse Development Team for a Fair Credit Reporting Act course to be presented by the National Association of Consumer Attorneys.

53. I have been a Panel Moderator for multiple State Bar functions between 2016 and 2018 including "Introduction to the Fair Credit Reporting Act"; Recent Advances in California Invasion of Privacy Act"; "$100,000,000.00 Lesson: The Consumer Financial Protection Bureau's Action against Wells Fargo"; and, "Recent Advances in the Telephone Consumer Protection Act."

54. I also was selected to give the opening presentation for the University of California, Santa Barbara's Financial Literacy Month in April 2017.

55. I gave a presentation to the State Bar of California entitled "Is the Fair Debt Collection Practices Act dead? Implications of the United States Supreme Court's Decision in *Henson v. Santander Consumer USA Inc.*

56. I was a coach for the Morro Bay High School Moot Court team.

57. I spoke on a panel entitled "ACA International v. FCC – 10 Weeks Later" for the America Bar Association.

58. I spoke at the Consumer Attorneys of California's 12th Annual Class Action and Mass Torts Seminar on June 11, 2018 and my topic was "Examining the Effect on TCPA Litigation following ACA International."

59. My article, California's Identity Theft Act: A Tool to Protect Consumers After the Equifax Breach of 2017, has been published by Plaintiff's Magazine; and, the San Luis Obispo Bar Bulletin' Business Law News; and, The Advocate.

60. My article, Conveniently Exposed: How the Convenience of the Internet is Exposing Us All to Identity Theft, was published by the Internet Law Journal in August 2018.

61. I was interviewed on Gurvey's Law on ABC Radio on February 17, 2018 regarding *Candelore, et al. v. Tinder, Inc.*, B270172 (Court of Appeal, Second Appellate District, Division Three).

62. I was invited to speak at the University of Palo Alto on March 6, 2019 regarding identity theft.

63. I was invited to speak at the National Consumer Law Center's annual convention in May 2019 regarding the Fair Credit Reporting Act.

64. I was interviewed for, and quoted in, *Have Them at Hello: How the Best Call Centers Crush Sales Projections* as an "industry expert" regarding the Telephone Consumer Protection Act.

65. I was invited to speak at the Class Action and Money Conference in May 2019 regarding the Telephone Consumer Protection Act.

66. In 2017, the California Legislature proposed an amendment to the Dating Services Contract Act, Cal. Civ. Code § 1694, et seq. ("DSCA"). The Consumer Attorneys of California requested my views on this amendment and requested that I propose a counter amendment that more adequately protected consumers. Said amendments were adopted and a more neutral version of the DSCA was presented to the Legislature.

67. In 2017, the California Legislature proposed an amendment to the Information Practices Act, Cal. Civ. Code § 1798, et seq. ("IPA"). The Consumer Attorneys of California requested my views on this amendment and requested that I propose a counter amendment that more adequately protected consumers. Said amendments have been proposed to the Legislature.

68. I was intimately involved at the District and Circuit levels in the matter of *Chen v. Allstate Ins. Co.*, 819 F.3d 1136 (9th Cir. 2016) wherein the Ninth Circuit Court of Appeals affirmed the District Court's decision finding that an unaccepted Offer of Judgment under Federal Rule of Civil Procedure 68 does not moot a class action.

69. I argued before the Los Angeles Appellate Court on November 16, 2017 in the case of *Zand v. Specialized Loan Servicing, LLC*, No. BV 031947, 2017 Cal. Super. LEXIS 1 (Jan 5. 2018) regarding the evidentiary issues at summary judgment. The Los Angeles Appellate Court reversed the Trial Court's decision in my favor following oral argument.

70. I argued before the Ninth Circuit Court of Appeals on December 7, 2017 in the case of *Silver, et al. v. Pennsylvania Higher Education Assistance Agency*, No. 16-15664, 2017 U.S. App. LEXIS 25196 (9th Cir. Dec. 13, 2017) regarding the retroactive application of the 2015 Bipartisan Budget Act's amendment to the Telephone Consumer Protection Act. The Ninth Circuit reversed the District Court's decision dismissing our Action six days after oral argument.

71. I argued before the Court of Appeal of California, Second Appellate District, Division Six on January 10, 2018 in the case of *Sandoval, et al. v. Cecil Martinez, et al.*, No. B282053, 2018 Cal. App. Unpub. LEXIS 291 (Jan. 16, 2018) regarding the Trial Court's striking of malicious prosecution claims in response to our anti-SLAPP Motion. The California Court of Appeal affirmed the Trial Court's decision following oral argument.

72. Therefore, my experience in litigating class actions and my years in practice are sufficient to justify my firm's appointment as class counsel in this case.

## EXHIBITS

73. Attached hereto as Exhibit 1 is the Settlement Agreement and Release.

74. Attached hereto as Exhibit 2 is the proposed E-mail Notice.

75. Attached hereto as Exhibit 3 is the Proposed Order Granting Preliminary Approval.

76. Attached hereto as Exhibit 4 is the Proposed Order Granting Preliminary Approval.

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct, and that this declaration was executed on April 17, 2019.

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER