# EXHIBIT 1

_____

IN THE CASE OF

JAYSON SWIGART, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

v.

PARCEL PENDING, INC.,

18-CV-2238 BEN (WVG)

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420
(805) 335−8455

## **SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Settlement Agreement"), effective as of the date of the last signature below, is made by and between Plaintiff JAYSON SWIGART ("Swigart"), individually and on behalf of the class of persons Swigart seeks to represent, and Defendant PARCEL PENDING, INC. ("Parcel Pending") with reference to the following facts. Swigart and Parcel Pending are sometimes collectively referred to herein as the "Parties."

## **RECITALS**

A.  There is pending in the United States District Court, Southern District of California, a civil action entitled *Jayson Swigart, Individually and on Behalf of All Others Similarly Situated, v. Parcel Pending, Inc.,* Case No. 18-cv-2238 BEN (WVG) (the "Action").

B.  Swigart commenced the Action on September 26, 2018 against Parcel Pending by filing a putative class action complaint alleging violations by Parcel Pending of California's Invasion of Privacy Act, California Penal Code § 632.7 ("CIPA"). Parcel Pending denies these allegations.

C.  The Parties then actively investigated the potential claims and defenses through informal discovery efforts and open discussions regarding the viability of each position.

D.  On February 5, 2019, the Parties reached an agreement to settle the Action on a class action basis during mediation with Bruce Friedman of JAMS. Taking into account the burdens, uncertainty and risks inherent in this litigation, including the class action status of this case, as well as Parcel Pending's financial situation, the Parties have concluded that further prosecution and defense of the Action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the Action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in this Settlement Agreement.

F.  Parcel Pending denies that they committed any wrongful act or violated any law or duty. Parcel Pending also denies that Swigart, or the class Swigart now represents, are entitled to any form of damages or relief based on the conduct alleged in the Action. In addition, Parcel Pending maintains that they have meritorious defenses to all claims alleged in the Action and are prepared to defend the Action. This Settlement Agreement, and all related documents, shall not be construed as any admission or concession by Parcel Pending, or any of the Released Parties (defined in Section 14 below), of any fault, liability, wrongdoing or damage whatsoever.

G.  Swigart and Swigart's counsel believe that the claims asserted in the Action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation and any subsequent appeal, Swigart and Swigart's counsel believe that it is desirable that the Action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in this Settlement Agreement. Swigart and Swigart's counsel have concluded that the terms and

conditions of this Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.

WHEREFORE, in consideration of the promises, covenants, representations and warranties contained herein, and for good and valuable consideration given hereunder, the sufficiency of which is hereby acknowledged by the signatories to this Settlement Agreement, the Parties hereby agree as follows:

**1.    Settlement Class**

Proposed Class Definition. For settlement purposes, the Parties have agreed to define the class as follows:

> All Parcel Pending registered users who received one or fewer disclosures of Parcel Pending's recorded call policy between February 1, 2018 to October 3, 2018 prior to receiving an outbound customer service call.

1.2    Estimated Class Size. The Parties have entered into this Settlement Agreement on the basis of the estimated Class consisting of 2,609 members ("Class Members"). This estimated class size is a material term of this Settlement Agreement. Class Counsel shall confirm this number through a confirmatory deposition.

**2.    Preliminary Approval of Proposed Class Action Settlement**

2.1    The Parties desire and intend to seek Court approval of the settlement and a final judgment and order dismissing with prejudice the claims of Swigart and the Class Members as set forth in this Settlement Agreement. The Parties agree to undertake all steps necessary to effectuate the purpose of the settlement, to secure the Court's approval of the settlement, and to oppose any interventions and objections to the settlement, including objections by any regulatory authority.

2.2    Upon full execution of this Settlement Agreement, the Parties will file a Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") in accordance with the terms of this Settlement Agreement. The Motion for Preliminary Approval will seek an order that: (a) preliminarily approves the settlement of the Action; (b) certifies a Class for settlement purposes as defined in Section 1 above; (c) approves and appoints Swigart as representative of the Class; (d) acknowledges the appointment of Abbas Kazerounian; Matthew M. Loker; and, Elizabeth A. Wagner as counsel for the Class ("Class Counsel"); (e) approves the forms provided for in this Settlement Agreement for giving notice of the Settlement to the Class, as provided in Section 8 of this Agreement (the "Notice Forms"); (f) approves the methods provided for in this Agreement for giving notice of the Settlement as provided in Section 8 of this Agreement; and (g) sets deadlines for providing notice to the Class and for Class Members to submit requests for exclusion/opt-in, entry of an appearance, or objections to the proposed settlement. The Parties will thereafter seek final approval of the settlement and entry of a "Final Judgment" (as defined in Section 12 below).

### 3. The Settlement Fund

Within thirty (30) days following Final Judgment, Parcel Pending shall establish a settlement fund in the amount of $400,000.00 ("Settlement Fund"). As discussed in Section 4, this Settlement Fund includes a $100,000.00 non-cash component. In no event shall Parcel Pending be obligated to make any additional payments under the terms of this Settlement Agreement aside from the non-reversionary "all in" cash sum of $ 300,000 described above. Each Class Member shall share, pro rata, in the Settlement Fund, as set forth in Section 4 below, after reasonable attorney's fees and costs as approved and awarded by the Court, the costs of notice and claims administration, and the incentive payment to the Named Plaintiff as set forth in Section 6 below are deducted from the Settlement Fund. The Settlement Fund shall constitute the exclusive recovery and relief for the Class.

### 4. Benefit to the Class Members

Pro Rata Distribution: Each of the Class Members that do not opt out of the class shall be sent, by mail, a single *pro rata* distribution settlement check from the Settlement Fund after deduction of attorneys' fees, litigation costs, notice and claims administration and, any incentive award, unless the Class Member has validly and timely requested exclusion from the class pursuant to Section 10.

Non-Cash Consideration: In addition to the Settlement Fund, Parcel Pending will provide up to $100,000.00 in non-cash consideration for Class Members. The non-cash consideration shall include, but is not limited to, a $20 registration voucher; a $9 voucher to be applied to late fees; and, training costs incurred by Parcel Pending to train customer service representatives on compliance with CIPA. The registration voucher and late fee voucher will be automatically applied to Class Member accounts and made available for use for two (2) years following entry of the Final Judgment. Said training is required as a result of this class action and will ensure that future California consumers will be less likely to have their CIPA rights violated, should Parcel Pending resume the recording of its customer service calls discontinued as a result of the Action

Class counsel shall confirm the calculation of the non-monetary consideration through a confirmatory deposition.

### 5. Attorney's Fees, Litigation Costs, and Claims Administration Costs

Class Counsel shall move the Court for an award of attorneys' fees and costs incurred in connection with the Action to be paid to Class Counsel. Parcel Pending shall not object to such a motion so long as the attorneys' fees and litigation costs are not more than a total of 25% of the Settlement Fund. No interest will accrue on any attorneys' fees or costs awarded by the Court to Class Counsel.

In addition, Swigart's Motion for Attorneys' Fees and Litigation costs shall be filed within fourteen (14) days of this Court granting Preliminary Approval.

## 6. Incentive Award for Swigart

Class Counsel shall move the Court for a service/incentive award for Swigart for Swigart's service as class representative in this Action, in an amount not to exceed $2,500, to be paid from the Settlement Fund. Court approval of any service/incentive award will not be a condition of the Settlement.

## 7. Third-Party Claims Administrator

7.1 The costs and expenses related to notice and claims administration shall be paid from the Settlement Fund established by Parcel Pending. Because the costs and expenses of notice and claims administration will affect the Class Member's pro rata share of the Settlement Fund, such costs and expenses shall be overseen by Class Counsel. Parcel Pending's counsel may also oversee the claims administration process as they deem necessary. The Parties will use good faith efforts to minimize the costs of notice and claims administration.

7.2 Claims administration shall be by a third-party administrator, First Class, Inc. (the "Claims Administrator").

7.3 Subject to the oversight of Class Counsel and Parcel Pending's counsel, the Claims Administrator shall be responsible for, among other things, the following: (a) providing notice to Class Members as set forth in Sections 8 below; (b) providing settlement checks to Class Members entitled to receive a settlement check; and (c) acting as a liaison between Class Members and the Parties regarding the settlement. The Claims Administrator shall be permitted to communicate without restriction with Class Counsel and Parcel Pending's counsel.

7.4 To facilitate the notice and claims administration process, Parcel Pending has provided to the Claims Administrator and to Class Counsel, in an electronically searchable and readable format, a Notice Database which includes the names and last known email address for all known Class Members, as such information is contained in the reasonably available computerized account records Parcel Pending maintains for its customers.

7.5 If any of the terms of this Settlement relating to the Claims Administrator's services would unreasonably hinder or delay the processes described above or make them more costly, the Claims Administrator shall so advise the Parties, and the Parties will accommodate the Claims Administrator to the extent necessary to carry out the intent of this Settlement Agreement. Any personal information relating to Class Members provided to the Claims Administrator or Class Counsel pursuant to this Settlement shall be provided solely for the purpose of providing notice to Class Members and allowing them to recover under this Settlement; shall be kept in strict confidence; shall not be disclosed to any third party; and, shall not be used for any other purpose.

## 8. Notice of Settlement

### 8.1 Direct E-Mail Notice

8.1.1 The Claims Administrator will provide individual notice of the proposed Settlement, via email, to all Class Members ("E-Mail Notice"). In the event that emails are returned as undeliverable, the Claims Administrator will make reasonable efforts to locate a valid email address for those Class Members and re-send the notice.

8.1.2     The Claims Administrator will commence E-Mail Notice as soon as reasonably practicable but no later than thirty (30) days after the Court grants the Motion for Preliminary Approval (the "Notice Deadline").

8.2     The E-Mail Notice will contain a detailed summary description of the Agreement and provide contact information for Class Counsel. The E-Mail Notice will be substantially in the form as attached hereto.

8.3     Class Counsel will also post Settlement Documents on Class Counsel's website, www.kazlg.com, under the "Class Action Settlement Notices" tab. Said documents will include: Swigart's Complaint; the Claim Form; Swigart's Motion for Preliminary Approval; Swigart's Motion for Attorneys' Fees; Swigart's Motion for Final Approval; and, any Orders from this Court.

9.     **Claims Process**

9.1     Each Class Member who does not timely and validly request exclusion from the Settlement as required in this Agreement shall be a Settlement Class Member and entitled to make a claim. Each Settlement Class Member shall be entitled to make only one claim.

9.2     In order to make a claim, a Settlement Class Member must submit the completed Claim Form provided by U.S. mail to the Claim Administrator. All claims must be submitted by the Claims Deadline as set forth in the Settlement Notice. Any Claim Form postmarked after the Claims Deadline shall be deemed untimely and an invalid claim.

**10.     Right to Object to Settlement and Exclude from Settlement**

10.1     Any Class Member who intends to object to this Settlement Agreement must mail his or her objections to the Court ("Objection") and submit a copy of the Objection to Class Counsel and Parcel Pending's counsel. The Objection must be postmarked on or before the Opt-Out and Objection Deadline specified in the E-Mail Notice, which is sixty (60) days from the date the Court grants the Motion for Preliminary Approval.

10.2     Any Objection, which must be mailed to the Court and submitted to Class Counsel and Parcel Pending's counsel, must set forth the name and case number of the Action, Class Member's name, address, and telephone number, and all arguments, citations and evidence supporting the Objection, and a statement of whether the objecting Class Member intends to appear at the hearing for final approval of the class action settlement, and whether the objecting Class Member intends to appear at the hearing with or without counsel. If Class Member is represented by counsel, counsel's name, address, email address and telephone number shall be set forth in any Objection. The objecting Class Members shall also indicate in the objection the name and case number of all cases in which the objecting Class Members have previously submitted any objections to the settlement of any class action cases, whether the objection was filed by the objecting Class Member on his or her own behalf or on behalf of someone else. The Claims Administrator will provide to Class Counsel and Parcel Pending's Counsel all copies of any objections mailed to the Claims Administrator.

   10.3 Any Class Member who fails to submit a timely Objection pursuant to this Section and as detailed in the E-Mail Notice shall have waived any right to object to the Settlement Agreement and shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means.

   10.4 Any Class Member may also seek exclusion from this Settlement Agreement by mailing his or her request to Class Counsel or Parcel Pending's counsel. The exclusion must be postmarked on or before the Deadline specified in the E-Mail Notice, which is sixty (60) days from the date the Court grants the Motion for Preliminary Approval.

   10.5 If 650 or more Class Members opt-out of the Settlement Agreement by timely submitting an Exclusion Request, then Parcel Pending, in its sole discretion, shall have the right to terminate the settlement. In the event that the settlement is terminated pursuant to this Section, the Parties will be returned to the status quo ante as if no settlement had been negotiated or entered into as set forth in Section 15 below.

**11.** **Right to Enter an Appearance**

On or before the date specified in the Mail Notice, which is sixty (60) days from the date the Court grants the Motion for Preliminary Approval, a Class Member may enter an appearance through an attorney if he or she so desires. The Class Member is solely responsible for any fees, costs or expenses of his or her attorney.

**12.** **Final Judgment**

   12.1 As used herein, "Final Judgment" shall mean the entry by the Court of a judgment finally approving the settlement of the Action pursuant to the terms of this Settlement Agreement and that judgment shall have become final either by expiration of time for appeal or if a Class Member objects to the settlement and files an appeal, by either a dismissal of said appeal or final appellate court decision in favor of, and affirming, the judgment and the Settlement Agreement in all material respects.

   Swigart shall file Swigart's Motion for Final Approval no later than ninety (90) days from the date the Court grants the Motion for Preliminary Approval.

   12.2 Parcel Pending shall not be obligated to pay any sum pursuant to this Settlement Agreement except upon Final Judgment. However, in the event that Final Approval of this Settlement is not granted, Parcel Pending will reimburse the Claims Administrator for reasonable costs incurred in administering the settlement, including but not limited to time spent to prepare documents and testimony by the Claims Administrator in support of the Motion for Preliminary Approval or final approval motion. Any appeal regarding the attorney's fees or costs or incentive payments to Swigart shall not affect other payments that are not the subject of such an appeal.

   12.3 By entering Final Judgment, the Court shall:

      12.3.1 Approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement, to the extent the Parties have not done so already, according to its terms and provisions; and declare the Settlement Agreement to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Swigart and all other Class Members, as well as their heirs, executors and administrators, successors and assigns;

      12.3.2 Acknowledge class certification status of the Action;

      12.3.3 Find that the Notice Forms and the Notice Program implemented pursuant to the Settlement Agreement (a) constitute the best practicable notice, (b) constitute notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to accept, object to or exclude themselves from the proposed settlement and to appear at the fairness hearing, (c) constitute reasonable, due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all applicable requirements of the California Code of Civil Procedure, the Due Process Clause of the United States Constitution and any Rules of the Court;

      12.3.4 Find that Class Counsel and Swigart adequately represented the Class for purposes of entering into and implementing the settlement;

      12.3.5 Incorporate the Release set forth in Section 14 below, make the Release effective as of the date of the Final Judgment, and forever discharge the Released Parties from any claims or liabilities arising from or related to the facts, circumstances, or subject matter of this Action;

      12.3.6 Bar and enjoin Swigart and all Class Members who have not been excluded from the Class from (a) filing, commencing, prosecuting, intervening in, promoting, or participating (as class members or otherwise) in, any lawsuit in any jurisdiction based on or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Action and (b) organizing Class Members who have not been excluded from the Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action.

### 13. Payments Upon Final Judgment

  13.1 Within fourteen days (14) after Final Judgment, the Claims Administrator shall disburse the following checks: (1) a check made payable to the Kazerouni Law Group, APC for any awarded attorneys' fees; and, litigation costs; (2) a check made payable to Jayson Swigart for Swigart's incentive award, if any; and (3) a check made payable to First Class for costs of notice and claims administration. Thereafter, the remaining funds shall be distributed equally to each Class Member.

  13.2 If there are any uncashed settlement checks, the Parties will first attempt a redistribution to the Class Members if a redistribution is economically feasible. However, if a

redistribution to the Class Members not economically feasible, any funds from uncashed settlement checks shall be delivered to a *cy pres* recipient selected by the Parties and approved by the Court.

**14.     Release Upon Final Judgment**

14.1     Swigart and each Class Member, (other than those persons who have timely and properly filed an Exclusion Request), on behalf of themselves and their agents, administrators, servants, employees, representatives, assigns, heirs, executors, trustees, joint venturers, partners, successors, predecessors and attorneys, and each of them (collectively the "Releasing Persons"), hereby jointly and severally release and discharge defendant Parcel Pending, Inc. and all of its former, present and future direct and indirect parents, affiliates, subsidiaries, successors and predecessors, and all of their respective former, present and future officers, directors, shareholders, managers, general partners, limited partners, employees, servants, agents, principals, attorneys, representatives, insurers, reinsurers, predecessors, successors, divisions, joint ventures, assigns, independent contractors and vendors (collectively the "Released Parties") from any and all actions, causes of action, obligations, costs, expenses, damages, losses, claims, liabilities, and demands, of whatever character, known or unknown, arising out of, relating to, or in connection with, the operative complaint in the Action, the putative Class Claims asserted in the Action, the Released Parties' recording and/or monitoring of calls, and the administration of this settlement ("Released Claims").

14.2     Each party acknowledges that it/he/she may hereafter discover facts different from, or in addition to, those which it/he/she now claims or believes to be true with respect to the claims released herein, and agrees that this Settlement Agreement shall remain effective in all respects notwithstanding the discovery of such different, additional or unknown facts. The Parties hereby expressly waive any rights it/he/she may have under California Civil code Section 1542 or any other similar statute of any other state. This Section constitutes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

14.3     In entering into this Settlement Agreement, each party assumes the risk of any misrepresentation, concealment or mistake.  If any party should discover subsequent to Final Judgment that any fact relied upon by it/him/her in entering into this Settlement Agreement was untrue, or that any fact was concealed from it/him/her, or that its/his/her understanding of the facts or of the law was incorrect, such party shall not be entitled to any relief in connection therewith, including without limitation, any alleged right or claim to set aside or rescind this Settlement Agreement.  This Settlement Agreement is intended to be, and is final and binding between the Parties hereto, regardless of any claims of misrepresentation, promise made without the intention to perform, concealment of fact, mistake of fact or law, or any other circumstance whatsoever.

**15.     Effect of Court's Denial of Preliminary or Final Approval of Settlement**

There is no settlement if the Court does not preliminarily approve the settlement and finally approve the settlement in substantially the same form as set forth herein, or if the settlement is appealed, or if the judgment approving the settlement is appealed, and if the settlement or the judgment approving the settlement is not approved on appeal in substantially the same form as set forth herein. In such event, (a) this Settlement Agreement is terminated and is of no force and effect and no party shall be bound by any of its terms; (b) to the extent applicable, any preliminary order approving the settlement, certifying the Class, approving the Notice Forms or Notice Program, and providing notice to the Class shall be vacated; (c) the Settlement Agreement and all of its provisions and all negotiations, statements, and proceedings relating to the Settlement Agreement shall be without prejudice to the rights of any of the Parties; (d) each of the Parties shall be restored to their respective positions as of the date this Settlement Agreement was fully executed; and (e) neither the settlement nor any communications or negotiations leading up to the settlement nor any of the settlement's provisions or the fact that this Settlement Agreement has been made shall be admissible in this Action or in any other action for any purpose whatsoever.

**16.     Representations and Warranties**

Each of the Parties to this Settlement Agreement represents warrants and agrees as follows:

16.1    Assignment of Claims.

No party has hereto assigned, transferred or granted, or purported to assign, transfer, or grant, any of the claims, demands and cause(s) of action disposed of by this Settlement Agreement.

16.2    Legal Advice.

The Parties hereto acknowledge that they have had the opportunity to consult with independent legal counsel with respect to the advisability of making the settlement provided for herein and of executing this Settlement Agreement and all other matters contained herein, including the waiver of rights under California Civil Code section 1542 or any other similar statute of any other state.

16.3    Investigation.

The Parties hereto acknowledge that they have either been represented in the negotiations for, and in preparation of, this Settlement Agreement by counsel of their choice; that they have read this Settlement Agreement and have had it fully explained to them by such counsel; and that they are fully aware of the contents of this Settlement Agreement and of the legal effect of each and every provision thereof. Each party to this Settlement Agreement has made such investigation of the facts pertaining to this Settlement Agreement and of all of the matters pertaining thereto as it deems necessary.

   16.4 <u>Authority and Capacity to Execute Settlement Agreement</u>.

The Parties hereto represent and warrant to each other that the person executing this Settlement Agreement on their behalf has full authority and capacity to execute this Settlement Agreement and to give the releases and other promises contained herein.

**17. No Admission of Liability**

This Settlement Agreement affects the settlement of claims which are denied and contested, and nothing contained herein shall be construed as an admission by Parcel Pending of any liability of any kind. Parcel Pending denies any liability in connection with any such claims and intend merely to avoid further litigation of the Action.

**18. Return of Confidential Documents**

Within thirty (30) days of Final Judgment, the original and all copies of all confidential or highly confidential documents and/or information shall be returned to the designating party or destroyed with a certification that no copies have been retained or that all copies have been destroyed by the receiving party.

**19. Choice of Law and Jurisdiction**

This Settlement Agreement is being executed in the State of California, and it shall be deemed to be made under, and shall be interpreted in accordance with, the internal laws of the State of California.

**20. Construction of Agreement**

Each party has participated in the drafting and preparation of this Settlement Agreement. Hence, in construing this Settlement Agreement, none of the Parties hereto shall have any term or provision, or any uncertainty or ambiguity as to any term or provision herein, construed against such party solely by reason of such party having drafted the same, as a result of the manner of the preparation of this Settlement Agreement, or otherwise. Each term and provision of this Settlement Agreement shall be construed and interpreted so as to render it enforceable. In the event any provision of this Settlement Agreement is held to be illegal or unenforceable, the remainder of this Settlement Agreement shall be binding and enforceable.

**21. Headings or Pronouns**

Headings or captions contained in this Settlement Agreement are solely for the convenience of the Parties, are not a part of this Settlement Agreement, and shall not be used for the interpretation of, or determination of the validity of, this Settlement Agreement or any provision hereof. Whenever the context may so require, the masculine gender shall be deemed to refer to and include the feminine and neuter, and the singular shall be deemed to refer to and include the plural, and vice versa.

### 22. Entire Agreement

This Settlement Agreement contains the entire agreement and understanding between the Parties concerning the subject matter hereof, and any and all prior oral or written agreements or understandings between the Parties related hereto are superseded. No representations, oral or otherwise, express or implied, other than those specifically referred to in this Settlement Agreement, have been made by any party hereto.

### 23. Waiver, Modification and Amendment

No provision of this Settlement Agreement may be waived unless in writing signed by all Parties hereto. Waiver of any one provision shall not be deemed to be a waiver of any other provision hereof. This Settlement Agreement may not be altered, amended or otherwise changed or modified, except in writing signed by all Parties.

### 24. Successors and Assigns

This Settlement Agreement is binding upon, and shall inure to the benefit of, the parties hereto and their respective successors, assigns, heirs, agents, employees, attorneys, representatives, officers, parents, affiliates, and subsidiaries.

### 25. Execution in Counterparts

This Settlement Agreement may be executed in counterparts and all of said counterparts shall collectively constitute one agreement binding on all Parties.

### 26. Further Cooperation

The Parties hereto agree to execute all such further and additional documents and instruments, as shall be necessary or expedient to carry out the provisions of this Settlement Agreement, and shall promptly and in good faith undertake all reasonable acts to effectuate the provisions of this Settlement Agreement.

### 27. Notices

All letters, notices, requests, demands and other communication required or permitted to be given to the parties pursuant to this Settlement Agreement, excluding communications directed to Class members, shall be in writing and addressed as follows:

> For Swigart
> and the Class:   Abbas Kazerounian, Esq.
> Matthew M. Loker, Esq.
> Elizabeth A. Wagner, Esq.
> Kazerouni Law Group, APC
> 245 Fischer Avenue, Suite D1
> Costa Mesa, CA 92626

For Parcel Pending:	Stefanie Warren, Esq.
Aguirre Allen Law
3170 Fourth Avenue, Suite 250
San Diego, CA 92103

Robert A. Cocchia, Esq.
Dentons US LLP
4655 Executive Drive, Suite 700
San Diego, CA 92121

**28. Schedule**

| EVENT | DEADLINE |
|---|---|
| Deadline for Parcel Pending to provide e-mails to Claims Administrator | 7 days from date of Preliminary Approval |
| Motion for Attorneys' Fees; Litigation Costs; and, Incentive Award | 14 days from date of Preliminary Approval |
| Notice to be e-mailed by Claims Administrator | 30 days from date of Preliminary Approval |
| Deadline to Opt In/Object/Exclude | 60 days from date of Preliminary Approval |
| Motion for Final Approval | 90 days from date of Preliminary Approval |

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed as of the dates set forth below.

DATED: 04/17/2019

JAYSON SWIGART, as an Individual
and as a Proposed Class Representative

DATED: April 17, 2019

PARCEL PENDING, INC.

By:
Name: Brad Farmer
Title: President

- 12 of 12 -