# EXHIBIT 4

_____

IN THE CASE OF

JAYSON SWIGART, INDIVIDUALLY AND ON BEHALF
OF ALL OTHERS SIMILARLY SITUATED,

V.

PARCEL PENDING, INC.,

18-CV-2238 BEN (WVG)

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420
(805) 335−8455

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAYSON SWIGART, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**PARCEL PENDING, INC.,**<br><br>Defendant. | **Case No.:** 18-cv-2238 BEN (WVG)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**DATE:** TBD<br>**TIME:** 10:30 a.m.<br>**COURTROOM:** 5A<br><br>**HON. ROGER T. BENITEZ** |

# FINAL APPROVAL ORDER

After arm's length negotiations and settlement discussions, Plaintiff JAYSON SWIGART ("Plaintiff") and Defendant PARCEL PENDING, INC. (herein jointly referred to as the "Parties") entered in to a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review pursuant to the applicable Rules of Civil Procedure. On April 17, 2019, the Parties filed the Agreement, along with Plaintiff's Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion").

On _____, 2019, upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of Plaintiff (hereinafter referred to as the "Class Members") with respect to the claims asserted in this Litigation; (ii) preliminarily approved the proposed settlement; (iv) appointed Swigart as the Class Representative; (v) appointed Kazerouni Law Group, APC as Class Counsel; and (vi) set the date and time of the Final Approval Hearing.

On _____, 2019, Class Counsel timely filed their motion for Attorneys' Fees, Litigation Costs, and Incentive Award.

On _____, 2019, Plaintiff filed the Motion for Final Approval of Class Action Settlement Agreement (hereinafter referred to as the "Final Approval Motion"). Pursuant to their Final Approval Motion, the Parties request final certification of the settlement class and final approval of the proposed class action settlement.

On _____, 2019, a Final Approval Hearing was held to determine whether the lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court. The Court has read and considered the Agreement, Final Approval Motion and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. <u>JURISDICTION</u>: The Court has jurisdiction over the subject matter of the Litigation and over all settling parties hereto.

2. <u>SETTLEMENT CLASS MEMBERS</u>: The Litigation is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Settlement Class members with respect to the claims asserted in the Litigation:
   > All Parcel Pending registered users who received one or fewer disclosures of Parcel Pending's recorded call policy between February 1, 2018 to October 3, 2018 prior to receiving an outbound customer service call.

3. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>: The Court finally certifies Plaintiff as the Class Representative. The Court also certifies Abbas Kazerounian; Matthew M. Loker; and, Elizabeth A. Wagner of Kazerouni Law Group, APC as Class Counsel.

4. <u>NOTICE AND CLAIMS PROCESS</u>: Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Settlement Class members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of the applicable Rules of

Civil Procedure and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice process was clearly designed to advise the Settlement Class members of their rights. Further, the Court finds that the claim process set forth in the Agreement was followed and that the process was the best practicable procedure under the circumstances.

5. <u>FINAL CLASS CERTIFICATION</u>:  The Court again finds that the Litigation satisfies the applicable prerequisites for class action treatment, namely:

   (a) The Settlement Class members are so numerous that joinder of all of them in the Litigation would be impracticable;

   (b) There are questions of law and fact common to the Settlement Class members, which predominate over any individual questions;

   (c) The claims of Plaintiff are typical of the claims of the Settlement Class members;

   (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all the Settlement Class members; and

   (e) Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. The Court finds that the settlement of the Litigation, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits to the Settlement Class members, the strength of the Plaintiff's case, the complexity, expense and probable

duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

7. <u>SETTLEMENT TERMS</u>: The Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court.

8. The Court finds that the settlement of the Litigation, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits to the Settlement Class members, the strength of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

9. <u>EXCLUSIONS AND OBJECTIONS</u>: ____ exclusions were received. The persons requesting exclusion are named on Exhibit A to this Order. The Court hereby excludes these individuals from the Settlement Class.

10. The Court finds that the settlement of the Litigation, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits to the Settlement Class members, the strength of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

11. The Settlement Class members were given an opportunity to object to the settlement. ____ Settlement Class members filed objections. After

consideration of each of the objections, the Court hereby overrules such objections.

12. This Order is binding on all Settlement Class members, except those individuals named on Exhibit A, who validly and timely excluded themselves from the Class.

13. <u>RELEASE OF CLAIMS AND DISMISSAL OF Litigation</u>: The Class Representative, Settlement Class members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

14. The Litigation is hereby dismissed with prejudice in all respects.

15. This Order is not, and shall not be construed as, an admission by Defendant.

16. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Litigation and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

**IT IS SO ORDERED.**

Date: _____, 2019          _____

HONORABLE ROGER T. BENITEZ
UNITED STATES DISTRICT COURT JUDGE