UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYSON SWIGART,<br>individually and on behalf of all others similarly situated<br><br>                                        Plaintiff,<br><br>v.<br><br>PARCEL PENDING, INC.,<br><br>                                        Defendant. | Case No.:  3:18-cv-2238-BEN-WVG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

WHEREAS, the above-captioned putative class action is pending in this Court (the "Action");

WHEREAS, the Parties to the Litigation have agreed, subject to Court approval following notice to the proposed settlement class (as described in Paragraph 7 below) and a hearing, to settle the Action upon the terms and conditions set forth in the Settlement Agreement, the Parties now request a preliminary certification of a settlement class and preliminary approval of the proposed class action settlement;

WHEREAS, this Court has reviewed the Settlement Agreement, as well as the files, records and proceedings to date in this matter;

WHEREAS, for purposes of this Order, capitalized terms used below have the meaning ascribed to them in the Settlement Agreement, unless otherwise defined; and

WHEREAS, for purposes of the Action, this Court has subject matter and personal jurisdiction over the parties, including all Settlement Class Members.

NOW, THEREFORE, based on this Court's review of the Settlement Agreement and all of the files, records, and proceedings herein, the Court concludes, upon preliminary examination, that the Settlement Agreement and settlement appear fair, reasonable, and adequate, and within the range of reasonableness for preliminary settlement approval, and that a hearing should and will be held after notice to the Settlement Class (as described in Paragraph 7 below) to confirm that the Settlement Agreement and settlement are fair, reasonable and adequate and to determine whether the settlement should be approved and final judgment entered in the Action based upon the Agreement.

The Court has read and considered the Agreement, Preliminary Approval Motion and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED:**

1. <u>Jurisdiction.</u>  The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto.

2. <u>Preliminary Approval of Proposed Settlement.</u>  The Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that:
   (a) the Agreement resulted from arm's length negotiations; and
   (b) the Agreement is sufficient to warrant notice of the settlement to persons in the Settlement Class and a full hearing on the approval of the Settlement.

3. <u>Class Certification For Settlement Purposes Only.</u>  The Court conditionally certifies, for settlement purposes only, the following Settlement Class:
   > All Parcel Pending registered users who received one or fewer disclosures of Parcel Pending's recorded call policy between February 1, 2018 to October 3, 2018 prior to receiving an outbound customer service call.

   Defendant has identified, based on its records, 2,609 such class members.

   In connection with this conditional certification, the Court makes the following

2

preliminary findings:

    a. The Settlement Class appears to be so numerous that joinder of all members is impracticable;

    b. There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

    c. Plaintiff's claims appear to be typical of the claims being resolved through the proposed settlement;

    d. Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement;

    e. For purposes of determining whether the settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

    f. For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class Members.

4. <u>Class Representative.</u> Plaintiff Jayson Swigart is designated as class representative for the Settlement Class.

5. <u>Class Counsel</u>. The Court appoints Abbas Kazerounian; Mathew M. Loker; and, Elizabeth A. Wagner of Kazerouni Law Group, APC as counsel for the Settlement Class. The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

6. <u>Settlement Hearing.</u> A final approval hearing (the "Settlement Hearing") shall be held on **October 21, 2019 at 10:30 a.m.** as set forth in the notice to the Settlement Class, to determine whether the Agreement is fair, reasonable and adequate and should be approved. Papers in support of final approval of the Agreement, the incentive award to Plaintiff and Class Counsel's application for an award of

attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 10 below. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Settlement Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

7. <u>Class Notice.</u>  First Class, Inc. shall act as the Claims Administrator for this matter.

   (a) <u>Direct E-Mailing</u>. The Claims Administrator will send Notice to the Class via e-mail thirty (30) days after entry of the Preliminary Approval Order. The Claims Administrator shall obtain this contact information from the Notice Database.

   (b) <u>Declaration to be Filed Regarding Notice.</u>  At least fourteen (14) days prior to the Final Approval Hearing, the Claims Administrator shall file a declaration of compliance with the notice procedures as set forth in the Agreement.

   (c) <u>Findings Concerning Class Notice.</u>  The Court finds that the foregoing program of Class Notice and the manner of its dissemination is the best practicable notice under the circumstances and is reasonably calculated to apprise Settlement Class Members of the pendency of this Action and their right to object to or exclude themselves from the Settlement Class. The Court further finds that the Class Notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process.

   (d) <u>Approval of Claims Process and Settlement Procedure.</u>  The claims and objection processes described in the Settlement Agreement are hereby approved. The Court preliminarily approves the process set forth in the Settlement Agreement for submitting, reviewing, approving and paying all claims as described in the Settlement Agreement. Objections shall be received by sixty days (60) after the date of preliminary approval.

8. <u>Costs of Administration, Incentive Payments, and Attorney Fees.</u>  The Court also approves the process for paying the costs of notice and claims administration, the incentive payment and the Class Counsel's attorneys' fees and litigation costs. Under the Settlement, the Defendant will establish the Settlement Fund.  This Settlement Fund represents the maximum amount payable by Defendant in Settlement of this Action and it is inclusive of amounts paid to Settlement Class members, notice costs; incentive awards; attorneys' fees; administrative fees; and, litigation costs.

9. <u>Exclusion From The Settlement Class.</u>

(a) As stated above, Class Members have the right to exclude themselves from the settlement by mailing an exclusion request ("Exclusion Request") to the Claims Administrator.  The Exclusion Request must be postmarked on or before the date specified in the Notice, which is 60 days from the date of providing Direct Mail Notice.  The Claims Administrator will provide copies of such exclusion requests to Class Counsel and counsel for Defendant.  All Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Action.

(b) Exclusion requests must: (i) include the full name, address and phone number of the person(s) requesting exclusion; and (ii) include a statement to the effect that they wish to be excluded from this Settlement.  No request for exclusion will be valid unless all of the information described above is included.  No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

(c) The Claims Administrator will retain a copy of all requests for exclusion.  Not later than fourteen days before the Final Approval Hearing, the Claims Administrator shall file with the Court a declaration that lists all of the opt-outs received.

10. <u>Objections And Appearances.</u>

  (a) Any person in the Class who has not timely submitted a valid request for exclusion from the Class may appear at the Final Approval Hearing to argue that the proposed Settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and the incentive award to the Plaintiff.

  (b) In order to be heard at the hearing, the person must make any objection in writing and file a notice of appearance with the Court no later than sixty (60) days after the date of preliminary approval, or as the Court may otherwise direct. The objection must also be mailed to the Class Counsel and defense counsel.

  (c) Any Objection filed with the Court and submitted to the Claims Administrator must set forth the Class Member's full name, address, and telephone number, the reasons for the objection, whether the objecting Class Member intends to appear at the fairness hearing on his or her own behalf or through counsel, set forth all arguments, citations and evidence supporting the objection, and disclose every prior objection to a class action settlement ever made by the Class Member or Class Member's attorney including the case name, case number, and disposition of the prior objection(s). Additionally, any documents supporting the objection must also be attached to the objection. Any Class Member who fails to comply with these provisions shall waive and forfeit any and all rights the Class Member may have to appear separately and/or object, and shall be bound by all the terms of this Stipulation of Settlement and the Settlement, and by all proceedings, orders, and judgments in the Action. Any objections that are not timely filed and mailed shall be forever barred.

11. <u>Further Papers In Support Of Settlement And Fee Application.</u> Any responses to objections to the Agreement shall be filed with the Court within 90 days of the Preliminary Approval Order. Similarly, Class Counsel's Motion for Attorneys' Fees; Costs; and, Incentive Award shall be filed within fourteen (14) days of

Preliminary Approval Order while the Motion for Final Approval shall be filed within ninety (90) days of Preliminary Approval.

12. <u>Effect of Failure to Approve the Agreement.</u>  In the event the Agreement is not approved by the Court, or for any reason the Parties fail to obtain a Final Judgment as contemplated in the Agreement, or the Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

    (a) All orders and findings entered in connection with the Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

    (b) The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall be asserted in any litigated certification proceedings in the Action; and the Agreement, its existence and any draft thereof, and any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions leading to the execution of the Agreement shall have no effect and shall not be admissible evidence for any purpose, including to establish any fact relevant to class certification or any alleged liability of Defendant for the matters alleged in the Action or for any other purpose;

    (c) Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendant or Plaintiff on any point of fact or law; and

    (d) Neither the settlement terms nor any publicly disseminated information regarding the settlement, including, without limitation, the class notices, court filings, orders and public statements, may be used as evidence for any purpose whatsoever.  In addition, neither the fact of, nor any documents relating to, Defendant's withdrawal from the settlement, any failure of the Court to approve the settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

13. <u>Stay/Bar Of Other Proceedings.</u>  All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement.  Pending final determination of whether the settlement should be approved, Plaintiff, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

14. <u>Continuing Jurisdiction.</u>  The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement the Agreement.

15. <u>Schedule.</u>  This case shall proceed pursuant to the following schedule:

| EVENT | DAYS AFTER PRELIMINARY APPROVAL | DATE |
|---|---|---|
| Defendant to send e-mail addresses to Claims Administrator | 7 | June 26, 2019 |
| Motion for Attorneys' Fees; Litigation Costs; and, Incentive Award | 14 | July 3, 2019 |
| Notice to be emailed by Claims Administrator | 30 | July 19, 2019 |
| Deadline to Opt Out/Object/Notify Court of Intent to Appear at Final Approval | 61 | August 19, 2019 |
| Motion for Final Approval | 90 | September 17, 2019 |

**IT IS SO ORDERED.**

Date: June 19, 2019

_____
HON. ROGER T. BENITEZ
United States District Judge