**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth A. Wagner, Esq. (317098)
elizabeth@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

**JAYSON SWIGART, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**

Plaintiff,

v.

**PARCEL PENDING, INC.,**

Defendant.

**Case No.:** 18-cv-2238 BEN (WVG)

**PLAINTIFF JAYSON SWIGART'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SWIGARTS'S MOTION FOR ATTORNEYS' FEES AND COSTS**

**DATE:**  October 21, 2019
**TIME:**  10:30 A.M.
**COURTROOM:** 5A

**HONORABLE ROGER T. BENITEZ**

///

///

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................ 1

II.  FACTUAL AND PROCEDURAL HISTORY ................................................ 2

III. LEGAL STANDARD .......................................................................... 2

IV.  ARGUMENT .................................................................................... 3

      A. THE REQUESTED FEE IS PRESUMPTIVELY REASONABLE BECAUSE IT RESULTED FROM ARM'S-LENGTH NEGOTIATIONS ................................ 3

      B. THE PERCENTAGE-OF-THE-FUND METHOD SHOULD APPLY IN LIGHT OF THE CASE RESULTING IN A COMMON FUND SETTLEMENT .............. 4

      C. THE SETTLEMENT REPRESENTS AN OUTSTANDING RESULT FOR THE CLASS RENDERING THE REQUESTED FEE AWARD FAIR, REASONABLE, AND JUSTIFIED IN LIGHT OF THE SIX FACTORS DISCUSSED BELOW ..... 6

            1. The results obtained for the class are excellent and favor the amount sought by Swigart's Counsel ........................................ 9

            2. The risk undertaken by counsel is significant because counsel took the case on a contingent basis ........................................ 9

            3. The complexity of the legal and factual issues in this case weigh in favor of awarding Swigart's counsel the amount sought herein ................................................................... 11

            4. The length of the professional relationship favors awarding the amount sought by Swigart's Counsel in the Settlement Agreement ................................................................... 11

            5. The prevailing market rate for this particular field of law favors the requested award ........................................... 12

            6. Awards in similar cases support the percentage award sought by Swigart's counsel ................................................. 13

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

D. THE CROSS-CHECK OF CLASS COUNSEL'S PERCENTAGE-OF-RECOVERY AGAINST A LODESTAR CALCULATION SUPPORTS CLASS COUNSEL'S DEMAND.................................................................................. 13

1. The number of hours expended on this litigation support the award sought in the Settlement Agreement ............................. 15

2. A multiplier is warranted......................................................... 15

3. The hourly rates sought by Swigart's counsel are reasonable and supported by other attorneys ............................................. 16

E. SWIGART'S INCENTIVE AWARD IS REASONABLE ................................. 17

V. CONCLUSION .............................................................................. 18

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# TABLE OF AUTHORITIES

**CASES**                                                        **PAGE(S)**

*Barcia v. Contain-A-Way, Inc.*
2009 U.S. Dist. LEXIS 17118 (S.D. Cal. 2009) ................................ 4

*Behrens v. Wometco Enter., Inc.*
118 F.R.D. 534, 548 (S.D. Cal. 1988) ............................................. 10

*Bert v. AK Steel Corp.,*
2008 WL 4693747 (S.D. Ohio Oct. 23, 2008) ............................... 9

*Blum v. Stevenson,*
465 U.S. 886 (1994) ....................................................................... 17

*Boeing Co. v. Van Gemert,*
444 U.S. 472, 478 (1980) ............................................................ 4, 7

*Carroll v. Wolpoff & Abramson*
961 F.2d 459 (4th Cir. 1992) ......................................................... 4

*City of Riverside v. Rivera*
477 U.S. 561 ................................................................................... 4

*Cook v. Niedert*
142 F.3d 1004 (7th Cir. 1998) ...................................................... 21

*Craft v. County of San Bernardino*
2008 WL 916965 (C.D. Cal. 2008) ........................................... 4, 17

*Davis v. City and County of San Francisco*
976 F.3d 1536 (9th Cir. 1992) ..................................................... 17

*Dennis v. Kellogg Co.*
2010 WL 4285011(S.D. Cal. Oct. 14, 2010) ................................. 9

*Di Gacomo v. Plains All Am. Pipeline,*
2001 U.S. Dist. LEXIS 25532 (S.D. Tex. Dec. 18, 2001) ........... 17

*Fadhl v. City and County of San Francisco*
859 F.2d 649 (9th Cir. 1986) ....................................................... 18

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Fischel v. Equit. Life Assurance Soc'y*
    307 F.3d 997 (9th Cir. 2002) . ........................................................ 16

*Fitzgerald v. City of Los Angeles*
    2003 U.S. Dist. LEXIS 27382 (C.D. Cal. Dec. 8, 2003) . ............................. 14

*Florida v. Exxon Corp.*
    109 F.3d 602, 607 (9th Cir. 1997) ..................................................... 4

*Garner v. State Farm*
    2010 U.S. Dist. LEXIS 49482 (N.D. Cal. Apr. 22, 2010) ............................. 11

*Glass v. UBS Fin. Servs.*, 2007 U.S. Dist. LEXIS 8476
    (N.D. Cal. Jan. 26, 2007) . ...................................................... 15, 16

*Hanlon v. Chrysler Corp.*
    150 F.3d 1011 (9th Cir. 1998) . .............................................. 9, 11, 15

*Hataishi v. First American Home Buyers Protection Corporation*
    223 Cal.App.4th 1454 (2014) . ...................................................... 13

*Hensley v. Eckerhart*
    461 U.S. 424 (1983) ................................................................. 8

*In re Activision Sec. Litig.*
    723 F. Supp. 1373 (N.D. Cal. 1989) ................................................ 10

*In re Apple Computer, Inc. Derivative Litig.*
    2008 U.S. Dist. LEXIS 108195 (N.D. Cal. Nov. 5, 2008)............................. 8

*In re Bluetooth Headset Prods. Liab. Litig.*
    654 F.3d 935, 942 (9th Cir. 2011) . .................................................. 8

*In re Cendant Corp.*
    232 F. Supp. 2d 327 (D.N.J. 2002) ................................................. 21

*In re Heritage Bond Litig.*
    2005 WL 1594403 (C.D. Cal. 2005) . ............................................ 4, 11

*In re Immune Response Sec. Litig.*
    497 F. Supp. 2d 1166 (S.D. Cal. 2007) . ............................................ 18

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*In re M.D.C. Holdings Sec. Litig.*,
    1990 U.S. Dist. LEXIS 15488 (S.D. Cal. Aug. 30, 1990) . ...........................11

*In re Media Vision Tech. Sec. Litig.*,
    913 F. Supp. 1362 (N.D. Cal. 1996) . ....................................................5, 18

*In re Mego Financial Corp. Securities Litigation*
    213 F.3d 454 (9th Cir. 2000) . ..............................................................5, 13

*In re Mercury Interactive Corp. Sec. Litig.*
    618 F.3d 988 (9th Cir. 2010) . ...................................................................1, 8

*In re M.L. Stern Overtime Litig.*
    2009 U.S. Dist. LEXIS 31650 (S.D. Cal. 2009). ........................................1

*In re Omnivision Techs.*
    559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2007) .....................................passim

*In re Trans Union Corp. Privacy Litig.*
    211 F.R.D. 328, 350-351 (N.D. Ill. 2002) . ...............................................6

*In re Washington Pub. Power Supply System Sec. Litig.*
    19 F.3d 1291 (9th Cir. 1994) . ...........................................................passim

*Johnson v. Eaton*
    80 F.3d 148 (5th Cir. 1996) . .......................................................................4

*Kerr v, Screen Extras Guild, Inc.*,
    526 F.2d 67 (9th Cir. 1975) . ...............................................................16, 18

*Knight v. Red Door Salons, Inc.*, 2009 U.S. Dist. LEXIS 1149
    (N.D. Cal.  Feb. 2, 2009) . ........................................................................11

*Larson v. Sprint Nextel Corp.*,
    2010 WL 239934 (D.N.J. Jan. 15, 2010) . ..................................................9

*Lewis v. Starbucks Corp.*
    2008 WL 4196690 (E.D. Cal. September 11, 2008) ...................................7

*Linney v. v. Cellular Alaska Partnership*
    151 F.3d 1234 (1998)...............................................................................13

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Linney v. Cellular Alaska Part.*
  1997 U.S. Dist. LEXIS 24300 (N.D. Cal. 1997)...........................................20

*Lopez v. Youngblood*
  2011 U.S. Dist. LEXIS 99289 (E.D. Cal. Sept. 1, 2011) ........................10, 18

*Louie v. Kaiser Found. Health Plan, Inc.*
  2008 U.S. Dist. LEXIS 78314 (S.D. Cal. 2008) ........................................20

*Mills v. Electric Auto-Lite Co.*
  396 U.S. 375 (1970) ................................................................5, 18

*Milliron v. T-Mobile USA, Inc.*
  2009 WL 3345762 (D.N.J. Sept. 14, 2009) .................................................9

*Morris v. Lifescan, Inc.*
  54 Fed. Appx. 663 (9th Cir. 2003) ........................................................7

*Ordick v. UnionBancCal Corp.*
  2012 U.S. Dist. LEXIS 171413 (N.D. Cal. Dec. 3, 2012) .............................12

*Opson v. Hanesbrands Inc.*
  2009 U.S. Dist. LEXIS 33900 (N.D. Cal. Apr. 3, 2009) .............................17

*Parker v. Time Warner Entm't Co., L.P.*
  331 F.3d 13 (2d Cir. N.Y. 2003) ..........................................................6

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*
  483 U.S. 711 (1987) ....................................................................18

*Perkins v. Mobile Housing Board*
  847 F.2d 735, 738 (11th Cir. 1988) .......................................................2

*Rodriguez v. West Publishing Corp.*
  563 F.3d 948 (9th Cir. 2009) .............................................................11

*Sandoval v. Tharaldson Emp. Mgmt., Inc.,*
  2010 WL 2486346 (C.D. Cal. June 15, 2010) ...............................................9

*Serrano v. Unruh*
  32 Cal. 3d 621 (1982) ....................................................................17

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Staton v. Boeing Co.*
    327 F.3d 938 (9th Cir. 2003) ................................................... 7, 8

*Steiner v. Am. Broad. Co.*
    248 Fed. Appx. 780 (9th Cir. Cal. 2007) . ..................................... 17

*Swedish Hosp. Corp. v. Shalala*
    1 F.3d 1261 (D.C. Cir. 1993) . ................................................ 9, 18

*Torres v. Nutrisystem, Inc.*,
    289 F.R.D. 587 (2013)................................................................. 6, 12

*Vasquez v. Coast Roofing*,
    2010 U.S. Dist. LEXIS 21159 (E.D. Cal. 2010) .......................... 7

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043, 1049 (9th Cir. 2002) ....................................passim

*West v. Circle K Stores, Inc.*
    2006 U.S. Dist. LEXIS 76558 (E.D. Cal. 2006) .......................... 19

*Wilhelmina Model Agency, Inc.*
    2005 U.S. Dist. LEXIS 7961 (S.D.N.Y. 2005) ............................ 21

*Van Vranken v. Atlantic Richfield Co.*
    901 F. Supp. 294 (N.D. Cal. 1995) . ......................................... 19

*Woo v. The Home Loan Group*
    2008 WL 3925854 (S.D. Cal. 2008) . ........................................... 7

*Young v. Hilton Worldwide, Inc.*,
    2014 WL 1087777 (9th Cir. Mar. 20, 2014) ............................... 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

## I.     INTRODUCTION

On June 19, 2019, this Court preliminarily approved a $400,000.00 common fund settlement between Plaintiff JAYSON SWIGART ("Swigart") and Defendant PARCEL PENDING, INC. ("Parcel Pending").  [ECF. No. 21; and, 2019 U.S. Dist. LEXIS 102755].  Swigart contends that this Settlement represents an excellent result for the Class members.  As such, Swigart respectfully submits this Memorandum of Points and Authorities in support of Swigart's request for an award of attorneys' fees and costs in the amount of $100,000 of the $400,000 common fund.  Given the circumstances, such an award is not atypical of those granted by the district courts within the Ninth Circuit.  Additionally, Swigart also respectfully requests that the Court approve an incentive award in the amount of $2,500.00, to be paid to Class Representative Swigart for his efforts in both bringing and helping prosecute this matter.

As to be discussed, Swigart's counsel seek their fees under the percentage-of-the-fund method.  Under this method, attorneys who create a common fund for a class may be awarded a percentage of fees from the fund. *Munoz v. Giumarra Vineyards Corp.*, 2017 U.S. Dist. LEXIS 95910, at *37 (E.D. Cal. June, 2017).  In the Ninth Circuit, the acceptable common fund percentage for attorneys' fees generally ranges from twenty percent to thirty percent, with twenty-five percent resting as the "benchmark."  *Id*. at *37-38; *see generally Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049 (9th Cir. 2002). Here, Class Counsel seek 25% of the Fund inclusive of, *and not in addition to*, their costs of litigation.  This 25% award sought by Class Counsel is warranted in light of the excellent outcome which was expeditiously achieved as a direct result of the time, effort, and skill of Class Counsel and represents a unilateral reduction by Class Counsel when compared

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

with the amount in the Parties' Settlement Agreement.  Thus, Swigart respectfully submits to the Court that the requested fee is fair, reasonable, consistent with Ninth Circuit law, and appropriate given the attorneys' fees regularly awarded in similar cases.

## II.   FACTUAL AND PROCEDURAL HISTORY

Swigart filed Swigart's Complaint in the Southern District of California alleging violations of California's Invasion of Privacy Act, California Penal Code § 632.7 ("CIPA").  [ECF No. 1]. Thereafter, Swigart filed Swigart's Motion for Preliminary Approval of Class Action Settlement on April 17, 2019. [ECF No. 18]. On June 19, 2019, this Court granted preliminary approval. [ECF. No. 21; and, 2019 U.S. Dist. LEXIS 102775]. Accordingly, as introduced above, Swigart now brings this Motion for Attorneys' Fees and Costs in compliance with the Order entered on June 19, 2019, seeking $100,000 of the $400,000 common fund.

## III.   LEGAL STANDARD

In a common fund case, the Court has the discretion to apply either a lodestar multiplier method or a percentage-of-the-fund method in calculating a class fee award. *Stetson v. Grissom*, 821 F.3d 1157, 1165 (9th Cir. 2016) quoting *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002); *see also Maxin v. Rhg & Co.*, 2017 U.S. Dist. LEXIS 27374 at *19. With respect to the percentage-of-the-fund method, the Ninth Circuit has set a benchmark of 25% of the fund as a starting place; this benchmark is often adjusted upward or downward "depending upon the assessment of the results, and the size of the fund." *Aichele v. City of L.A.*, 2015 U.S. Dist. LEXIS 120225, at *16-17 (C.D. Cal. Sep. 9, 2015).  Furthermore, "[i]n megafund cases, fees more commonly will be under the 25% benchmark in this Circuit. . . . In contrast, in cases under $10 million, the awards more frequently will exceed the 25% benchmark, and indeed go above 30%." *Id*. The goal is reasonableness, and the use of a mechanical or

formulaic application of the percentage-of-the-fund method is not appropriate where it would yield an unreasonable result. *Dandan Pan v. Qualcomm Inc.*, 2017 U.S. Dist. LEXIS 120150, at *33-34 (S.D. Cal. July 31, 2017) quoting *Fischel*, 307 F.3d at 1007.  As set forth below, a mechanical or formulaic application of the percentage-of-the-fund method is inappropriate, and an award of 25% is more than appropriate.

## IV.   <u>ARGUMENT</u>

In support of Swigart's argument, Swigart asserts that (A) the requested fee is presumptively reasonable because it resulted from arm's-length negotiations; (B) the percentage-of-the-fund method should apply in light of this case resulting in a common fund settlement; (C) the settlement represents an outstanding result for the class and the requested fee award is fair, reasonable, and justified; (D) the lodestar-plus-multiplier cross-check supports the requested fee; and (E) the named Plaintiff's incentive award is reasonable.

### (A)   THE REQUESTED FEE IS PRESUMPTIVELY REASONABLE BECAUSE IT RESULTED FROM ARM'S-LENGTH NEGOTIATIONS.

As the United States Supreme Court has discussed, "[a] request for attorneys' fees should not result in a second major litigation.  Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  While the Court must perform its own evaluation to verify that the requested fees are reasonable and not the product of collusion, it should give weight to the judgment of the parties and their counsel where, as here, the fees were agreed to at arm's length negotiations after the parties agreed on the key deal terms.  *See, e.g. In re Apple Computer, Inc. Derivative Litig.*, 2008 U.S. Dist. LEXIS 108195, at *12 (N.D. Cal. Nov. 5, 2008).

Here, Class Counsel negotiated with Parcel Pending to reach an agreed-upon fee amount to which Parcel would not object, and an amount that Parcel regarded as

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

reasonable, subject to Court approval, based upon the benefits achieved for the class and applicable legal principles, and did so only after the Parties reached an agreement on the other key terms.  As provided in the Settlement Agreement, the Parties reached this agreement after a full day of mediation, investigations into the claims, analysis thereof, and discovery as conducted by Swigart's counsel.[1] Further, the fee amount, like the settlement itself, was agreed upon under the auspices and with the assistance of an experienced, well-respected mediator, Bruce Friedman, Esq. of JAMS.  This fact serves as "independent confirmation that the fee was not the result of collusion or a sacrifice of the interests of the class."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).   Likewise, under these circumstances, the Court may give considerable weight to the judgment of the parties and their counsel regarding reasonable fees.

**(B)**   **THE PERCENTAGE-OF-THE-FUND METHOD SHOULD APPLY IN LIGHT OF THIS CASE RESULTING IN A COMMON FUND SETTLEMENT.**

"Many courts and commentators have recognized that the percentage of the available fund analysis is the preferred approach in class action fee requests because it more closely aligns the interests of the counsel and the class." *Aichele v. City of L.A.*, 2015 U.S. Dist. LEXIS 120225, at *15 (C.D. Cal. Sep. 9, 2015). The lodestar approach is not the most efficient way to award fees in cases like Swigart's because the lodestar approach "encourages significant elements of inefficiency" by giving class counsel an incentive to work more hours than necessary. *Id.* quoting *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1266-67 (D.C. Cir. 1993). Furthermore, the sole use of the lodestar approach in cases like the one at hand, is unwarranted

---

[1] Agreements not to oppose an attorneys' fee request up to a certain amount are proper. *See In re M.L. Stern Overtime Litig.*, 2009 U.S. Dist. LEXIS 31650, at *14 (S.D. Cal. 2009).

because it would punish Swigart's counsel for achieving an excellent Settlement early in the litigation process. *Swedish Hosp. Corp.*, 1 F.3d at 1266-67 (finding that "the [lodestar] process . . . has led to [] abuses, such as encouraging lawyers to expend excessive hours engaging in duplicative and unjustified work . . . [and] it 'creates a disincentive for the early settlement of cases'" (internal citations omitted)).

As such, the percentage-of-the-fund method comports with the legal marketplace, where counsel's success is more frequently measured in terms of the result counsel has achieved, rather than focusing on the number of hours counsel has expended. *See Swedish Hosp. Corp.*, 1 F.3d at 1269 (in common fund cases "the monetary amount of the victory is often the true measure of [counsel's] success"). By assessing the amount of the fee in terms of the amount of the benefit conferred on the class, the percentage method "more accurately reflects the economics of litigation practice[,]" which "given the uncertainties and hazards of litigation, must necessarily be result-oriented." *Id.* Moreover, "[i]t is well recognized that attorneys' fees should be aligned with those of the class" and those interests are most aligned when the percentage fee method is used because said method gives class counsel an interest in maximizing the recovery because a greater recovery directly benefits counsel as well as the class. *Aichele*, 2015 U.S. LEXIS 120225, at *17. The benefits to the percentage approach in common fund cases include, *inter alia*, the following: (1) consistency with contingency fee calculations; (2) aligning lawyers' interests with achieving the highest award for class members; and (3) reducing the burden on the courts that a complex lodestar calculation requires. *Tait v. BSH Home Appliances Corp.*, 2015 U.S. Dist. LEXIS 98546, at *34 (C.D. Cal. July 27, 2015); *see also Vizcaino*, 290 F.3d at 1050 fn. 5; *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1375 (N.D. Cal. 1989).

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

The Ninth Circuit "has long recognized that the public interest is served by rewarding attorneys who assume representation on a contingent basis to compensate them for the risk that they might be paid nothing at all for their work." *Rose v. Bank of Am. Corp.*, 2014 US. Dist. LEXIS 121641, at *35 (N.D. Cal. Aug. 29, 2014) citing *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994). "[I]f this 'bonus' methodology did not exist, very few lawyers could take on the representation of the class client given the investment of substantial time, effort, and money." *Id.* at 1300 (internal quotations and citations omitted). For these very reasons, the percentage-of-the-fund method is applied more frequently than the lodestar-plus-multiplier method in common fund cases in the Ninth Circuit. *See, e.g., In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2007) ("use of the percentage method in common fund cases appears to be dominant"); *Vizcaino*, 290 F.3d at 1050 ("the primary basis of the fee award remains the percentage method"); *Lopez v. Youngblood*, 2011 U.S. Dist. LEXIS 99289, at *31 (E.D. Cal. Sept. 1, 2011) ("[W]hile the Court has discretion to use either a percentage of the fund or a lodestar approach in compensating class counsel...the percentage of the fund is the typical method of calculating class fund fees"); and, *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1374-78 (N.D. Cal. 1998) (discussing advantages of percentage of recovery method in common fund cases).

In light of this trend among the Ninth Circuit and the district courts therein, Class Counsel request that the Court apply the standard percentage-of-the-fund approach, under which the award of attorneys' fees and costs requested in this action is reasonable.

///
///
///
///
///

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**(C)** **THE SETTLEMENT REPRESENTS AN OUTSTANDING RESULT FOR THE CLASS RENDERING THE REQUESTED FEE AWARD FAIR, REASONABLE, AND JUSTIFIED IN LIGHT OF THE SIX FACTORS DISCUSSED BELOW.**

The compromised settlement reached between the Parties states that Parcel agrees to create a common fund of four hundred thousand dollars ($400,000.00) ( "Settlement Fund"). [Preliminary Approval Motion, Exhibit 1, Settlement Agreement ("Settlement Agr." or "Settlement"), § 3]. The Settlement Fund is to be used to pay the following: (i) the cash awards to the Class Members; (ii) non-cash consideration; (iii) the incentive award to Swigart; (iv) the Attorneys' Fees award, inclusive of litigation costs of counsel; (iv) costs of administering the notice, the Claims, and the Settlement; and (v) taxes due in connection with the Gross Settlement Fund and Net Settlement Fund. [*Id.* at §§ 3-6, 13]. Pursuant to the Settlement Agreement, the amounts remaining in the Settlement Fund after the deduction of the aforementioned items, will be used to pay valid claims submitted by the Class Members. [*Id.*].

Within thirty days following Final Judgment, the Claims Administrator will send to each Class Member a cash award check in compliance with the procedure provided in the Settlement Agreement in the following order: (1) the Claims Administration will issue E-Mail Notice to the Class Members within 30 days of preliminary approval; (2) within fourteen days after Final Judgment, the Claims Administrator will disburse checks to Class Counsel, Swigart for his incentive award, and, if necessary, to First Class for costs of notice and claims administration; (3) the Class Members who respond in a timely manner will receive a pro rata distribution of the remainder of the common fund will receive between $110.53 and $3,650.25 each. [*Id.*]. As set forth above, in common fund cases, the Ninth Circuit's benchmark for attorneys' fees is 25%, which serves as a starting point for the

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

analysis. *Pointer v. Bank of Am., N.A.*, 2016 U.S. Dist. LEXIS 176930, at \*42 (E.D. Cal. Dec. 20, 2016). "The selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case." *Id.* quoting *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). The exact percentage that is appropriate in any given case will depend on the facts of the case; however, in most common fund cases, the award does in fact exceed the benchmark. *Pointer*, 2016 U.S. Dist. LEXIS 176930 at \*42; *see also Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010); *Williams v. Centerplate, Inc.*, 2013 U.S. Dist. LEXIS 121307, at \*19-21 (S.D. Cal. Aug. 26, 2013).

Here, Swigart's counsel seeks attorneys' fees and costs amounting to 25% of the Settlement Fund.  This percentage is exactly at the Ninth Circuit's standard benchmark.[2]  Furthermore, there are several factors the Court may consider in assessing a request for attorneys' fees using the percentage-of-recovery method. *See Resnick v. Frank (In re Online DVD-Rental Antitrust Litig.)*, 779 F.3d 934, 954-55 (9th Cir. 2015) citing to *Vizcaino*, 290 F.3d at 1047-50.  The six factors that the Court must assess include the following: (1) the results obtained for the class; (2) the risk undertaken by counsel; (3) the complexity of the legal and factual issues; (4) the length of the professional relationship with the client; (5) the market rate for the particular field of law; and (6) awards in similar cases (and the burden on counsel in

---

[2] In further support of an attorneys' fees award in line with the Ninth Circuit benchmark, "[f]ederal courts have consistently approved of attorney fee awards over the 25% benchmark." *In re Heritage Bond Litig.*, 2005 WL 1594403, at \*18 n.12 (C.D. Cal. 2005). "Courts in this Circuit routinely recognize that as the size of the common fund decreases, the percentage to which plaintiff's counsel is entitled increases, and common funds under $10 million often result in awards between 30-50 percent." Armes v. Hot Pizzas, LLC, 2017 U.S. Dist. LEXIS 89920, at \*18 (D. Ariz. June 9, 2017). *see also Barcia v. Contain-A-Way, Inc.*, 2009 U.S. Dist. LEXIS 17118, at \*15 (S.D. Cal. 2009) ("[t]he requested fee falls at the bottom end of the Ninth Circuit's benchmark of 25% to 40% of a common fund...").

foregoing other work). *Munoz v. Guimarra Vineyards Corps.*, 2017 U.S. Dist. LEXIS 95910, at *38 quoting *Romero v. Producers Dairy Foods, Inc.*, 2007 U.S. Dist. LEXIS 86270, at *809 (E.D. Cal. Nov. 14, 2007); *see also Vizcaino*, 290 F.3d at 1048-1050; *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).  Each of the above-listed factors are discussed in turn below.

### (1) <u>The results obtained for the class are excellent and favor the amount sought by Swigart's counsel.</u>

As previously discussed, the results obtained for Class Members in this case were exceptional. Ordinarily, the level of success achieved for the class is considered to be the most important factor in determining the appropriate fee award in a common fund case.  *See Hensley*, 461 U.S. at 435; *Omnivision*, 559 F. Supp. 2d at 1046; *see also* Federal Judicial Center, *Manual for Complex Litigation*, § 27.71, p. 336 (4th Ed. 2004) (the "fundamental focus is on the result actually achieved for class members") (citing Fed. R. Civ. P. 23(h) committee note).  Standing alone, this factor supports Swigart's fee request.  As provided above, the settlement required Parcel Pending to pay a maximum of $400,000.00 into a Settlement Fund. [ECF 18]. Thereafter, Class Members will receive approximately $110.53 each should all Class Members submit a claim to approximately $3,650.25 each should about 3% of the Class were to submit a claim. [Agr., §§ 3,4].  Realistically, the proportion of Class Members to claim an award will be closer to 3%, resulting in significant awards for these Class Members.  Thus, the requested 25% award is reasonable.

### (2) <u>The risk undertaken by counsel is significant because counsel took the case on a contingent basis.</u>

The Ninth Circuit has long recognized that the public interest is served by rewarding attorneys who assume representation on a contingent basis to compensate them for the risk that they might be paid nothing at all for their work. *Sanchez v. Frito-Lay, Inc.*, 2015 U.S. Dist. LEXIS 102771, at *36 (E.D. Cal. Aug. 5, 2015)

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

("courts tend to find above-market-value fee awards more appropriate in this context given the need to encourage counsel to take on contingency-fee cases"). *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d at 1299 ("Contingent fees that may far exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for Plaintiffs who could not afford to pay on an hourly basis regardless of whether they win or lose"); *Vizcaino*, 290 F.3d at 1051 (courts reward successful class counsel in contingency cases "for taking risk of nonpayment by paying them a premium over their normal hourly rates").

Swigart prosecuted this matter on a purely contingent basis while agreeing to advance all necessary expenses and knowing that Swigart's Counsel would only receive a fee if there was a recovery. In pursuit of this litigation, Swigart's Counsel both committed the resources of its firm to litigating this matter through all motion and discovery issues, and through trial, if necessary, not knowing a relatively early settlement would occur. In any event, Swigart's counsel have spent considerable time and money by, among other things, (1) investigating the action; (2) conducting legal research relating to the alleged claims; (3) conducting discovery; (4) negotiating the settlement over a period of months; (5) preparing the preliminary approval brief and supporting documents; (6) assisting in the administration of the Settlement; and (7) responding to class members' inquiries.

Swigart's counsel expended these resources despite the risk that Class Counsel would never be compensated at all. From the outset, Swigart's counsel risked non-payment by taking on this case and risked receiving zero compensation for potential years of work and out-of-pocket expenses had this case proceeded to trial. *See generally Beaver v. Tarsadia Hotels*, 2017 U.S. Dist. LEXIS 160214, at *32 (S.D. Cal. Sep. 28, 2017). Also, a commitment to this case necessarily requires

**PLAINTIFF JAYSON SWIGART'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SWIGARTS'S MOTION FOR ATTORNEYS' FEES; AND, COSTS**

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

foregoing other opportunities.   Common sense dictates that time spent on this matter was time not spent on another equally as important and complex matter.

Accordingly, the Settlement achieved by Class Counsel provides exceptional monetary relief, and this factor weighs quite heavily in Swigart's favor. Therefore, Swigart respectfully requests that the Court grant Swigart's fee request in full.

### (3)  The complexity of the legal and factual issues in this case weigh in favor of awarding Swigart's counsel the amount sought.

The "prosecution and management of a complex [] class action requires unique legal skills and abilities" that are to be considered when evaluating fees. *Omnivision*, 559 F. Supp. 2d at 1047; *see also Jonsson v. USCB, Inc.*, 2015 U.S. Dist. LEXIS 69934, at *26 ("[C]lass counsel are experienced in consumer class actions and the claims asserted in this action . . . [t]his factors weighs in favor of granting the requested fee.").

Swigart's counsel are experienced class action litigators who have successfully prosecuted complex consumer cases, and who have become particularly skilled and experienced in litigating class actions.  [*See* Declarations previously filed in support of Preliminary Approval by Kazerounian (ECF No. 18-4); Loker (ECF No. 18-6); and, Wagner (ECF No. 18-5)].  In addition, although the present case settled at a relatively early stage of this litigation, Swigart's Counsel obtained a result that includes both a cash award for Class Members and other non-monetary consideration to the benefit of the Class Members.  Thus, Class Counsel's skill and expertise, reflected in the prompt and significant settlement, generated benefits beyond the cash settlement fund and support the fee request.

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### (4) The length of the professional relationship favors awarding the amount sought by Swigart's Counsel in the Settlement Agreement.

Litigation in connection with this case commenced in April of this year. [ECF No. 1]. As provided above in § (B), using the percentage of the fund method rewards counsel for early settlements and excellent results. Although this professional relationship has not spanned the course of years as in some cases, the expeditious nature of this lawsuit favors the fee award sought by Swigart's counsel. This factor favors Swigart's counsel because to hold otherwise would discourage early and favorable settlements when presented to counsel, much like the lodestar approach does as discussed above. *See generally Swedish Hosp. Corp.*, 1 F.3d at 1266-67. As such, the speedy, efficient, and very favorable resolution of this case, which resulted in a less than lengthy attorney-client relationship between Swigart and counsel favors an award in the amount sought by Swigart's counsel.

### (5) The prevailing market rate for this particular field of law favors the requested award.

"A reasonable hourly rate is that prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Pearson v. U.S. Bank N.A.*, 2017 U.S. Dist. LEXIS 129159, at *22 (C.D. Cal. 2017) citing to *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979. "Affidavits of the plaintiff's attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly prevailing fees in the community, are satisfactory evidence of the prevailing market rate." *Stirling v. Genpact Servs., LLC*, 2012 U.S. Dist.

LEXIS 196197, at *4 (C.D. Cal. May 2, 2012) citing to *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1999).

Here, Swigarts' counsel's requested rates ranging from $710 per hour down to $350 per hour are reasonable in the Southern District of California for the respective attorneys that litigated this matter.  Said rates are also supported by the declarations of counsel, who also have considerable experience in the field of consumer protection class actions in the Southern District of California. [*See* said Declarations filed concurrently herewith]. As such, Swigart's counsel's rates are in line with the prevailing market rates and have been previously approved by California District Courts.

### (6) <u>Awards in similar cases support the percentage award sought by Swigart's counsel.</u>

As has been previously mentioned, 25% of the common fund is a benchmark award for attorneys' fees in the Ninth Circuit. *See, e.g., Munoz v. Giumarra Vineyards Corps.*, 2017 U.S. Dist. LEXIS 95910, at *44 (E.D. Cal. June 20, 2017). The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33.3% of the total settlement value. *Id.* citing *Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431 (E.D. Cal. 2013). For example, the Eastern District upheld a requested fee of 32.1% of the Settlement amount in *Schiller v. David's Bridal, Inc.*, 2012 U.S. Dist. LEXIS 80778, at *56 (E.D. Cal. June 11, 2012). In another contingent fee case in the Southern District, the Court upheld a percentage award of thirty percent. *In re M.D.C. Holdings Sec. Litig.*, 1990 U.S. Dist. LEXIS 15488, at *31 (S.D. Cal. Aug. 30, 1990). Lastly, in another class settlement case in the Ninth Circuit, the Court upheld a request for 30% of the total settlement fund where an award in the lodestar amount would have penalized class counsel for their efforts. *Johnson v. Gen. Mills, Inc.*, 2013 U.S. Dist. LEXIS 90338, at *18-20 (C.D. Cal.

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

June 17, 2013).   Thus, Swigart's benchmark demand of 25% is reasonable and should be approved by this Court.

**(D)   THE CROSS-CHECK OF CLASS COUNSEL'S PERCENTAGE-OF-RECOVERY AGAINST A LODESTAR CALCULATION SUPPORTS CLASS COUNSEL'S DEMAND.**

Additionally, a court may also cross-check its percentage-of-recovery figure against a lodestar multiplier calculation. *Resnick v. Frank (In re Online DVD-Rental Antitrust Litig.)*, 779 F.3d at 954-55 citing to *Vizcaino*, 290 F.3d at 1047-50.  "When the lodestar is used as a cross-check for a fee award, the Court is not required to perform an 'exhaustive cataloguing and review of counsel's hours.'" *Munoz*, 2017 U.S. Dist. LEXIS 95910, at *46.   Furthermore, in cases such as Swigart's where Class Counsel diligently achieved an excellent result for Class Members, the lodestar method is a less effective tool for determining the reasonableness of an attorney's fee award.   Even still said, cross-check supports Class Counsel's demand since Class Counsel has expended a significant amount of time to date to achieve the current settlement.

The "lodestar" method is utilized in the Southern District of California to determine reasonable attorneys' fees.   *Pearson v. U.S. Bank Nat'l Ass'n*, 2017 U.S. Dist. LEXIS 129159, at *20 (C.D. Cal. Aug. 14, 2017) citing to *Hensley*, 461 U.S. at 433.   The "lodestar" method is comprised of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."   *Yepremyan v. GC Servs. LP*, 2013 U.S. Dist. LEXIS 13516, at *2 (C.D. Cal. Jan. 18, 2013) citing to *Grove v. Wells Fargo Financial Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010); and, *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993).

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

A summary of Class Counsel's hours and hourly rates is provided below while a detailed Time Sheet is attached as Exhibit 1 and filed concurrently herewith.  Exhibit 2 also details Class Counsel's litigation costs of $7,612.47.

| COUNSEL: | RATE: | HOURS: | TOTAL: |
|---|---|---|---|
| ABBAS KAZEROUNIAN | $710.00 | 14.6 | $10,366.00 |
| MATTHEW M. LOKER | $575.00 | 73.2 | $42,090.00 |
| ELIZABETH A. WAGNER | $350.00 | 11.5 | $4,025.00 |
| TOTAL: | | 99.3 | $56,481.00 |

1.  **The number of hours expended on this litigation support the award sought in the Settlement Agreement.**

"The fee applicant must submit evidence of hours worked." *Hensley*, 461 U.S. at 433.  "All hours that are not reasonably expended, or that are excessive or redundant, should be excluded." *Id*.  Here, Swigart seeks an award of attorneys' fees for Abbas Kazerounian, Esq.; Matthew M. Loker, Esq.; and Elizabeth A. Wagner, Esq. based upon the lodestar formula.  All of Swigart's attorneys assigned to this matter have considerable experience litigating a variety of consumer rights issues, including CIPA cases similar to the present case, as supporting counsel in consumer protection can attest to.  Each of Class Counsel have published articles about the current state consumer protection law, and have also participated in many speaking engagements of the previous years. This experience drastically reduced the hours necessary to obtain the current judgment while avoiding duplication of efforts and unnecessary billing.

Given the result, the amount of time expended by Swigart's counsel is reasonable for this type of litigation, and the lodestar formula supports the reduced award sought of 25% under the percentage-of-the fund method.

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## 2.  A multiplier is warranted.

Upon lodestar cross-check, the 25% fee requested by Class Counsel currently reflects a multiplier of 1.6 based upon Class Counsel's lodestar of $64,093.47.[3]  Of important note, the district courts within the Ninth Circuit regularly approve fee awards resulting in multipliers which are much higher than the requested multiplier in this matter. *See, e.g., Franklin v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 13696 (S.D. Cal. 2016) (approving multiplier of 3.6); *Shvager v. Viasat, Inc.*, 2014 U.S. Dist. LEXIS 200808 at *62-63 (C.D. Cal. Mar. 10, 2014) (approving 40.58% award that cross-checked with unreduced lodestar in CIPA class action); *Reed v. 1-800 Contacts, Inc.*, 2014 U.S. Dist. LEXIS 255 at *20-30 (S.D. Cal. Jan. 2, 2014) (approving 25% fee award where multiplier was approximately 2.9 in CIPA class action); *Vizcaino*, 290 F.3d at 1051 (affirming 28% fee award where multiplier equaled 3.65; and, citing cases approving multipliers in common fund cases going as high as 19.6); *Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir. Cal. 2007) (upholding 25% fee award yielding multiplier of 6.85, finding that it "falls well within the range of multipliers that courts have allowed"); *Craft v. County of San Bernardino*, 624 F. Supp. 1113, 1125 (C.D. Cal. 2008) (approving 25% fee award yielding a multiplier of 5.2 and stating that "there is ample authority for such awards resulting in multipliers in this range or higher"); *In re UnitedHealth Group, Inc.*, 643 F. Supp. 2d 1094, 1106 (D. Minn. 2009) (finding a lodestar multiplier of 6.5 reasonable); and, *Malta v. Freddie Mac & Wells Fargo Home Mortgage*, No. 10-cv-1290 (S.D. Cal. 2013) (awarding fees in Telephone Consumer Protection Act class action litigation with a lodestar cross-check multiplier of 5.16).

---

[3]  The precise multiplier sought by Class Counsel is 1.560221; however, Class Counsel refers to the approximate multiplier of 1.6 for the sake of clarity.  In addition, said multiplier will decrease as Class Counsel continues to incur attorneys' fees; and, costs necessary to finalize this Settlement.

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Here, the exceptional monetary relief obtained for the Class; the risks involved with continued litigation; the contingent nature of the fee; the arm's-length nature of difficult and protected negotiations; and the experience of Class Counsel in litigating consumer class actions, justify a significant multiplier. *See Kerr*, 526 F.3d at 70; *Washington Pub. Power*, 19 F.3d at 1299-1300 ("[C]ourts have routinely enhanced the lodestar to reflect the risk of non-payment in common fund cases" in accord with the "established practice in the private legal market of rewarding attorneys for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases"). Of note, this multiplier will be further reduced since significant attorneys' fees will be expended in finalizing this Settlement along with Swigart's Motion for Final Approval. A lodestar-plus-multiplier cross-check therefore further supports the reasonableness of the requested 25% fee in this matter.

### 3. <u>The hourly rates sought by Swigart's counsel are reasonable.</u>

As discussed above in § IV(C)(5), Class Counsel's requested rates of $350-$710 are reasonable; are generally acceptable throughout the district courts within California; and, are supported by other consumer attorneys that regularly practice in the Southern District of California. Thus, the cross-check of Swigart's counsel's percentage-of-recovery figure against a lodestar calculation supports the reduced award of 25% award sought herein.

### (E) SWIGART'S INCENTIVE AWARD IS REASONABLE.

As the Ninth Circuit has recognized, "named Plaintiffs, as opposed to designated class members who are not named Plaintiffs, are eligible for reasonable incentive payments." *Staton*, 327 F.3d at 977; *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (service awards "are fairly typical in class action cases"). Such awards are intended to compensate class representatives for work done on behalf of the class [and] make up for financial or reputational risk undertaken in

bringing the action." *Id.*; *see also California v. Infineone Techs. AG* (In re Dynamic Random Access Memory (DRAM) Antitrust Litig.), 2013 U.S. Dist. LEXIS 190974, at *182 (N.D. Cal. Oct. 30, 2013) (finding that the requested incentive award of $5,000 to each named plaintiff was fair and reasonable). Small incentive awards, such as those requested here, promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits.  The requested service award of $2,500.00 for Swigart is modest and justified, especially considering that Parcel will not to object to a request in that amount. [Agr., § 6].

In addition to lending his name to this matter, and thus subjecting himself to public attention, Swigart was actively engaged in this case from the start.  Among other things, Swigart (1) provided information to Counsel for the Complaints and other pleadings; (2) reviewed pleadings and other documents; (3) communicated on a regular basis with counsel and kept himself informed of progress in the litigation and settlement negotiations; and, (4) reviewed and approved the proposed settlement.  Swigart's dedication to this action was notable, particularly given the relatively modest personal financial stakes in this case. *See Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (awarding $100,000 incentive award in part on the ground that, "[i]n exchange for his participation, [plaintiff] will not receive great personal benefit").  Moreover, the amount is reasonable as compared to other class actions awarding incentive payments. *See Opson v. Hanesbrands Inc.*, 2009 U.S. Dist. LEXIS 33900, at *27-28 (N.D. Cal. Apr. 3, 2009) (awarding $5,000 incentive payment and finding that "in general, courts have found that $5,000 incentive payments are reasonable"); *Ordick v. UnionBancCal Corp.*, 2012 U.S. Dist. LEXIS 171413, at *11 (N.D. Cal. Dec. 3, 2012 (awarding $5,000 to named Plaintiffs where "the settlement was reached at the early stages of litigation"); *Fitzgerald v. City of Los Angeles*, 2003 U.S. Dist. LEXIS 27382, at *9

(C.D. Cal. Dec. 8, 2003) (awarding $3,500 each to class representatives in early settlement case).

Here, the proposed incentive award of a maximum of $2,500.00 to Swigart is reasonably related to the expenditure of time and exposure by Swigart to achieve this result. Thus, Class Counsel respectfully request that the Court to approve an incentive award of $2,500.00 to Swigart.

## V. **CONCLUSION**

For the reasons discussed above, Swigart respectfully requests that the Court grant Swigart's Motion for an Award from the Settlement Fund of Attorneys' Fees and Costs in the total amount of $100,000, which includes all litigation costs, as well as an incentive award of $2,500 to Swigart, both of which have been preliminarily approved by this Court.


DATED: July 3, 2019                          **KAZEROUNI LAW GROUP, APC**


                                     By:    /s/ Matthew M. Loker
                                           MATTHEW M. LOKER, ESQ.
                                           ATTORNEY FOR PLAINTIFF

**PLAINTIFF JAYSON SWIGART'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SWIGARTS'S MOTION FOR ATTORNEYS' FEES; AND, COSTS**